WILLIAM WALKER *v.* EVERETT D. MINER.

*School districts. Taxes. Grand list.*

A person resident in a school district on the first of April and properly listed there, remains subject to taxation therein upon such list while it remains in force, notwithstanding he has subsequently removed from the district.

The officers of a school district hold their office until their successors are legally chosen.

The neglect to comply with the provision of the statute requiring the warrant for the collection of a school tax to specify a limited time within which the tax is to be collected, is not a defect of which a person taxed can take advantage; and though it may render the warrant informal and defective as between the district and the collector, it does not invalidate the action taken by the latter to collect the tax.

TRESPASS for taking two wagons. Plea, the general issue, with notice of justification that the defendant took the property as collector of school district No. 5, in Dover.

· The parties agreed upon the following facts :

The plaintiff, on the 1st of April, 1854, resided in Dover, within the limits of school district No. 5, and was legally taxable there, and his poll and personal property were set in the grand list for 1854 of that town, and thereon designated as belonging to district No. 5. He continued to reside there until December 28th, 1854, when he removed to Winchester, New Hampshire, where he has since resided. The school house in that district was consumed by fire December 25th, 1854. At a meeting of the voters of that district, duly warned, held on the 17th of January, 1855, it was voted to raise a sum not to exceed two hundred and fifty dollars to defray the expenses of building and furnishing a school house in that district. It was further voted to choose a building committee, and one was chosen, and during the summer of 1855 a school house was built and occupied by the district. At the annual meeting of the district, duly warned, and held on the 15th of October, 1855, a prudential committee of three was elected, and the defendant was chosen collector. On the 10th of December, 1855, a tax bill was made out by the prudential committee so elected, upon the grand list of 1854, for the

50

purpose of defraying the expenses of building and furnishing their school house, in which the plaintiff was assessed the sum of seventeen dollars and sixty-four cents. Previous to 1856 the annual meetings of the district had been held in October, but at a meeting duly warned, held on the 5th of April, 1856, the district changed the time of their annual meeting to April, and at the same meeting re-elected the same prudential committee and the same collector elected in October previous, and after that time the annual meetings were held in April of each year. The persons assessed in the tax bill made out in December, 1855, as above mentioned, mostly paid their taxes to the prudential committee, but the plaintiff and a few others neglected to pay, and the tax bill with warrant attached thereto, together with two other tax bills on the grand list of 1855 and 1856, respectively, was delivered to the defendant to collect on the 12th of November, 1856. These three tax bills were connected together in a small book and separately certified by the prudential committee in office when they were placed in the collector's hands. There was but one warrant for the three tax bills, and it was written in the book containing the tax bills. This warrant required the defendant " to collect of the several persons named in the *lists* herewith committed to you the sums of money annexed to the name of each person respectively and pay the same to the prudential committee of said district." No time was limited in the warrant for the collection and payment of these taxes to the prudential committee. The defendant, on receiving the warrant and tax bills, endorsed on the book containing them, a memorandum as follows, viz: " November 12th, 1856 : Received of James Lyman and M. P. Cooper, prudential committee in district No. 5, one tax bill for collection," and subscribed it.

The plaintiff refused to pay said tax of seventeen dollars and sixty-four cents against him, and the defendant, as collector, before the annual meeting in April, 1857, distrained and sold the two wagons in question.

It was further agreed by the parties that all the proceedings of the defendant subsequent to receiving the rate bill and warrant were regular.

Upon these facts the county court, at the April Term, 1858,—
REDFIELD, Ch. J., presiding,—rendered judgment *pro forma* for
the plaintiff for the value of the wagons, to which the defendant
excepted.

*Davenport & Haskins*, for the defendant.

*Charles K. Field*, for the plaintiff.

KELLOGG, J.    This is an action of trespass for taking and
carrying away a buggy wagon and a lumber wagon, belonging
to the plaintiff, and the defendant justifies the trespass complained
of on the ground that he, being the collector of taxes of school dis-
trict No. 5 in Dover, took the property and disposed of the same
under and by virtue of a rate bill and warrant for the collection
of a certain tax assessed against the plaintiff on his list for his poll
and personal property for the year 1854, in pursuance of a vote
of said school district at a legal meeting held on the 17th of Jan-
uary, 1855.    The facts in the case are agreed upon by the parties.

It is agreed that the plaintiff removed from said district, with
his family and effects, to Winchester, New Hampshire, on the
28th of December, 1854, and was not an inhabitant of the dis-
trict at the time said tax was voted, or at any subsequent time
but was an inhabitant of the district on the first day of April
preceding, when the list was taken, and no question is made but
that the plaintiff was properly listed as an inhabitant of the dis-
trict for the year 1854.    Three days before the plaintiff's removal
from the district, the school house therein was destroyed by fire,
and on the 17th of January following, the district, at a legal
meeting duly warned for that purpose, voted " to raise a sum not
to exceed two hundred and fifty dollars, to defray the expenses
of building and furnishing a school house " in said district, and,
during the summer of 1855 a school house was built and accepted
by the district.    The tax in question was assessed pursuant to
this vote, and the plaintiff claims that it was illegally assessed, as
against him, for various reasons.

I. It appears from the agreed statement of facts in this case,
that the plaintiff had a list in the town of Dover for his poll and

personal property in the year 1854, which was by the listers of said town designated or set in the grand list of said town for that year, as being in said school district No. 5 ; and no question is made as to the propriety or regularity of this designation or setting of the plaintiff's list for that year. It is clear that the tax authorized by the vote of 17th January, 1855, was intended to be assessed on the list of the year 1854, and it could properly be assessed on that list only ; for that list was then in force, and the inhabitants of the school district could not, at the time, under the provisions of the act of 1851 as amended by the act of 1854, (Acts of 1851, No. 40 ; Acts of 1854, No. 66) vote a tax for any purpose on any other list then either past or future.

II. The plaintiff claims that although he was an inhabitant of the district on the first day of the preceding April, and was properly listed therein in the list of the year 1854 for his poll and personal property, yet, as he removed from the State before the tax was voted, he was not liable, after such removal, to be taxed in that district on that list. It was held by this court in the case of *Woodward* v. *French*, 31 Vt. 337, that the reasonable construction of the existing statutes (Comp. Stat., p. 457, sec. 35, 36, and the acts of 1851 and 1854, above cited,) was that the list as taken on the first day of April should be a permanent list for each school district for the year, that each district might know its resources or basis of taxation in advance, and that a person who had been properly listed in a school district, still remained subject to taxation therein, upon such list, while it remained in force, even though he had subsequently removed from the district. That case is decisive against the plaintiff upon the point now under consideration ; and the liability of the plaintiff to taxation in that school district on the list of 1854 must be regarded as not being affected by his subsequent removal from the district while that list remained in force as a basis of·taxation.

III. The tax in question was assessed by the prudential committee on the 10th of December, 1855, under the said vote of the district, at the district meeting held on the 17th of January preceding, and it is urged by the plaintiff that as it appeared that the choice of school district officers in said district was made at an annual meeting held on the 15th of October, 1855, and as the time

for holding the annual meeting in said district was subsequently changed, agreeably to a vote of the district, so that the annual meeting of said district in the year 1856 was held on the 4th day of April in that year, (that time being near the commencement of the school year,) the acts of the prudential committee and collector of taxes after the 15th day of October, 1856, were irregular and void, notwithstanding the persons elected to the said offices respectively at the annual meeting held on the 15th of October, 1855, were re-elected to the same offices, respectively, by said district at its said meeting held on the 4th of April, 1856. It appears from the records of said district that the defendant was elected to the office of collector of taxes for the district, at both meetings, and that no other meeting for the choice of district officers was held in the district in the year 1856, except the said meeting last named. If it were conceded that the proceedings of that meeting were wholly irregular and void, still, no question being made respecting the legality of the proceedings of the annual meeting held on the 15th of October, 1855, as above mentioned, at which the same persons were elected to the same offices of prudential committee and collector, respectively, and the persons so elected being authorized by the statute (Comp. Stat., p. 146, sec. 25,) to hold their offices "for one year, and until others shall be chosen," it follows that at the time of the assessment of this tax in December, 1855, and also at the time of its delivery to the defendant as collector for collection, on the 12th of November, 1856, the persons then acting as prudential committee and collector of taxes in said district were entitled to act as such officers respectively, under their respective elections at the annual meeting of said district on the 15th of October, 1855, as aforesaid, even though their subsequent election to the same offices at the said district meeting held on the 4th of April, 1856, should be treated as being wholly void.

IV. It is urged on the part of the plaintiff that the warrant for the collection of this tax was void because it did not specify any "limited time" within which the tax was to be collected and paid over to the prudential committee, agreeably to the provisions of the statute. (See Comp. Stat., p. 149, sec. 41 and 42,—p. 464, sec. 8,—and p. 616, form 23.) The warrant, in all other respects, appears to be regular and correct in form, and no other

defect in it, either of substance or of form, is suggested. In this respect, it might, as between the collector and the district, be regarded as informal and defective. But we regard the limitation in the warrant of the time within which the tax, when collected, is to be paid over by the collector to the prudential committee, as only affecting the duty of the collector to the district, and not as affecting any right or privilege of the person taxed. If any limited time for the collection and payment of the tax by the collector to the prudential committee had been specified in the warrant, the collection of the tax might have been enforced against the tax payer without any regard to the time thus limited. In this view, the omission to limit in the warrant the time within which the tax is to be collected and paid over by the collector to the prudential committee, ought not to be regarded as a defect which the person taxed is entitled to take advantage of, when the tax itself has been legally voted and assessed; and we think that this warrant conferred sufficient legal authority upon the collector to levy and collect the tax in question.

V. The warrant for the collection of this tax was attached to three tax bills which are connected together in a small book and separately certified. It requires the collector " to collect of the several persons named in the *lists* herewith committed to you the sums of money annexed to the name of each person respectively, and pay the same to the prudential committee of said district." The collector indorsed on the book containing said tax bills a memorandum as follows, viz : " Nov. 12th, 1856, Received of James Lyman and M. P. Cooper, prudential committee in district No. 5, one tax bill for collection," and subscribed the said memorandum. As it is made the duty of a collector of a school district tax (Com. Stat., p. 149, sec. 42,) to proceed in levying and collecting the tax in the same manner as is provided by law for collectors in collecting town taxes, and as it is made the duty of the constable on receiving a tax bill to indorse thereon the true date when he received the same, (Comp. Stat., p. 464, sec. 9,) the plaintiff insists that the indorsement made by the collector as aforesaid is by its terms applicable to only one tax bill ; and as it does not specify to which of the three tax bills it was intended to be applicable, it ought not, on account of its uncertainty, to be

regarded as being applicable to either. By reference to the statement of facts agreed on in this case, we find that " the persons assessed in this tax bill generally paid their taxes to the prudential committee, but the plaintiff and some others neglecting to pay, said tax bill, with a warrant attached thereto, was delivered to the defendant, together with two other tax bills, on the 12th of November, 1856," and that " all the proceedings of the defendant subsequent to receiving said rate bill and warrant were regular." If we regarded the omission by the collector to make an indorsement on the tax bill of the true date when he received the same, as being essential to the legality of his proceedings in collecting the tax (a question which we do not find it necessary to consider) we should have no difficulty, on the facts stated, in connection with the appearance of the original tax bills, (which are before us as a part of the case,) in referring the indorsement made by the collector as above mentioned, to the tax bill in question.

Our conclusion upon the whole case is, that the justification by the defendant of the trespass complained of, is complete, and that the plaintiff is not entitled to recover. The judgment of the county court in favor of the plaintiff is therefore reversed, and judgment is rendered, on the agreement of the parties, in favor of the defendant.