## COUNTY OF ORLEANS,

### AT THE

## AUGUST TERM, 1864.

PRESENT:

Hon. ASA O. ALDIS,
Hon. LOYAL C. KELLOGG, } ASSISTANT JUDGES,
Hon. ASAHEL PECK,

## S. S. OVITT *v.* NEWTON CHASE.*

*School District. Taxes. Listers.*

An article in the warning of a town meeting as follows: "To see if the town will make alterations in school districts when met," *held* sufficient to warrant the consideration by the town in town meeting of any proposed changes in the limits of existing school districts.

*It seems,* that all property subject to taxation should, for school district purposes, be assessed and set in the list of the district within which it had its *situs* at the time with reference to which the assessment should be made, and not elsewhere.

A vote of the town to set off the plaintiff's farm upon which he resides from one school district to another, no time of severance and annexation being specified, would take effect from its passage.

* This case was submitted on papers and briefs at the August Term, 1863, and the opinion of the court was delivered at the present term.

Ovitt *v.* Chase.

But the property represented by the plaintiff's list, being a part of the basis of taxation in the former district, would be subject to all school district taxes legally voted or assessed upon it previously in that district.

Where the vote to set off said farm was passed May 12th, 1860, it should, in the list of that year, have been designated as belonging to the former district for taxation purposes.

But an error of the listers in setting it to the latter district would not be conclusive of the plaintiff's, or the district's right, if the town records furnished the necessary means of correcting it.

TRESPASS for taking certain cattle belonging to the plaintiff. Plea, the general issue and special pleas in bar, justifying the taking as collector of school district No. 1, in Jay. Trial by jury June Term, 1863, POLAND, Ch. J., presiding. The facts are fully set forth in the opinion. Verdict for the plaintiff under a *pro forma* direction of the court. Exceptions by the defendant.

*T. P. Redfield* and *H. C. Wilson*, for the defendant.

I. The vote to set off the plaintiff's farm from district No. 1 to district No. 2 and proceedings are insufficient in *form*, and the warning is too indefinite.

II. It is submitted that said farm, situate in district No. 1 on the first day of April, 1860, is, by law, subject to taxes in such *district*. It was the duty of the listers to have " designated " the farm in that district. The whole statute is consistent and clear in this, that real estate, as well as personal, is to be listed as it was on the first day of April. And if it be said this farm cannot be taxed in that district because not " designated " as in district No. 1, we answer " that is certain which can be made certain." It has its valuation inserted in the list and being " situate in district No. 1, the statute declares it shall be subject to taxation in that district. If the listers omit this mere clerical duty, which is a convenience to the districts, but leaves the *basis* of taxation in such district *just as certain,* it ought not to be held that schools are, for that reason, suspended. If the listers set a farm in the list in a district, where it is not situate, which the statute forbids, the act is void ; and it does not become thereby the basis of taxation in *such district.* If they may do it, and there is no power to correct it, then they may, capriciously, set a farm successively in every school district in town and compel a taxation to build every school house in town.

Ovitt v. Chase.

We submit that no mere ministerial officer of the law can legally do an act which the law creating his office and defining his duty *expressly forbids.*

*Benjamin H. Steele,* for the plaintiff.

I. Was this act of the town in setting the plaintiff's farm out of the defendant's district valid, was it made by the proper authority? Was it made at the proper time, and when does the act take effect? No other authority could do the act, and there is no statute limiting the time when the town may act, or when the act shall take effect. They may, therefore, do the act at any properly warned meeting, and thereafter the list appertains to the district which owns the land. C. S. 144 § 16.

II. The setting off of the land to the new district amounts to the setting off of the list.

III. This was done before the listers had set to the several districts their lists, and they very properly designated the plaintiff's list where the town directed.

IV. The plaintiff was not bound to pay taxes in a district where he was not listed. The list as completed by the listers and records is the only basis of taxation. The plaintiff having no list in the defendant's district, the defendant had no basis for taxation. *Woodward* v. *French,* 31 Vt. 337; *Fairbanks & Co.* v. *Kittredge et al.,* 24 Vt. 9; *School District No.* 1. v. *Kittridge,* 27 Vt. 650.

V. If the listers erred the remedy is against them.

KELLOGG, J. In the month of March, 1860, the plaintiff changed his residence to a farm which he had purchased, and which was then situated in the first school district in the town of Jay, and continued to reside on this farm during the remainder of that year. At a town meeting held in that town on the 12th of May in the same year, it was voted that this farm should be taken from that school district and be annexed and set to school district No. 2 in that town. In the grand list of the town for the year 1860, (which was not completed until after the time when this town meeting was held,) the plaintiff's list was designated by the listers as belonging for the purpose of taxation to school district No. 2. This is an action of trespass for taking and driving away certain cattle belonging to the plaintiff. The defendant, who was collector of taxes of school dis-

trict No. 1, justified by his pleas the alleged taking of the cattle un-. der a rate bill and warrant for the collection of taxes duly assessed by a vote of school district No. 1 on its grand list for the year 1860,— the plaintiff's list for that year being included in the rate bill for the taxes as belonging in that district. The plaintiff by his replication denied that he had any list for that year belonging to school district No. 1, on which the taxes in question could be legally assessed. It is admitted by the parties that the plaintiff's list on the 1st of April, 1860, consisted of his poll and farm only ; and that both of the taxes on this list, under which the defendant, as collector of taxes of school district No. 1, justified the taking of the plaintiff's property which is the trespass complained of, were duly voted by that school district before the farm of the plaintiff was annexed by the vote of the town to school district No. 2,—one of these taxes being voted on the 27th of March, 1860, and the other on the 4th of April, 1860, but that neither of said taxes was actually made up or assessed by the pru- dential committee until the 26th of March, 1861. The questions which arise on these facts are, (1,) whether the vote of the town annexing the farm on which the plaintiff resided to school district No. 2 was legal ;—(2,) if the farm on which the plaintiff resided was, by the vote of the town, legally annexed and set to school dis- trict No. 2, when did the act of annexation take effect, and what ef- fect did it have, if any, upon the plaintiff's list ; and, (3,) whether the act of the listers in designating the plaintiff's list as belonging to school district No. 2 was conclusive as to the right of the plaintiff, or of school district No. 1, so as to preclude further inquiry in re- spect to that point.

I. The statute (C. S., p. 144, § 16 ; G. S., p. 151, § 20) confers upon each town, acting " at a legal meeting notified for that purpose," full power in respect to the division of its territory into school dis- tricts, and the alteration of the limits of existing districts from time to time, as may be found expedient. The power of the town of Jay, by a vote at a meeting legally warned and held for that purpose, to set the farm on which the plaintiff resided from school district No. 1 to school district No. 2 is not questioned ; but it is claimed by the defendant that the vote of the town at the town meeting held on the 12th of May, 1860, setting off this farm from school district No. 1

to school district No. 2 was illegal, because it was not within the scope of the terms of the warning for that meeting. The statute requires that "the business to be done and the subjects to be considered" at a town meeting shall be "set forth" in the notification or warning for the same, and that all such notifications or warnings shall be recorded at length on the town records. (C. S., p. 113, §§ 3, 6 ; G. S., p. 106, §§ 3, 6.) The second article in the warning for this town meeting was as follows : " *To see if the town will make alterations in school districts when met.*" The subject of altering the limits of the existing school districts was submitted by this article for the consideration and action of the town, and the article could not have been understood otherwise than as a proposition to make such changes in the limits of the existing school districts as should, on consultation and comparison of views in town meeting, be found expedient. Every voter in the town meeting should be presumed to have had full knowledge of the general power of the town over the subject matter, and no person interested could have been misled in respect to the nature or the extent of the proposition. Nothing more is required by the sense and reason of the statute than that the subject for consideration should be indicated in the warning with reasonable certainty, and in such a manner that no person interested could be misled in respect to the proposition submitted for the consideration and action of the town. *Moore* v. *Beattie*, 33 Vt. 219. We regard this article in the warning as being sufficiently definite to warrant the consideration by the town in town meeting of any proposed change in the limits of the existing school districts in the town, and to support the vote setting the farm on which the plaintiff resided from school district No. 1 to school district No. 2.

II. By statute, all property subject to taxation is to be assessed in the list with reference to its situation and value on the first day of April in each year ; (Acts of 1855, No. 43 ; G. S., chap. 83,) and all school district taxes voted on the first day of March, or at any time thereafter within one year are to be assessed on the list to be completed on the 15th day of May following, (Acts of 1854, No. 66, G. S. p. 538, § 67,) and all real estate is to be taxed in the school district in which it is situated. (C. S., p. 149, § 39 ; G. S., p. 156, § 45.) There are other statute provisions declaring that all personal

Ovitt *v.* Chase.

property liable to taxation, and assessed in any town other than where the owner resides, shall be liable to pay taxes in the school district where such property was kept on the first day of April in the year in which the assessment was made, (Acts of 1855, No. 43, § 25 ; G. S., p. 520, § 26,) and requiring that school district taxes shall be assessed " on the list of the inhabitants of such district, and on lands in such district belonging to persons living out of it." (C. S., p. 149, § 41 ; G. S., p. 156, § 47.) These provisions would seem clearly to indicate the intention of the legislature that all property subject to taxation should, for school district purposes, be assessed and set in the list of the district within which it had its *situs* at the time with reference to which the assessment should be made, and not elsewhere. The vote of the town setting off the farm on which the plaintiff resided from school district No. 1 to school district No. 2 did not prescribe or specify any particular time when the act of severance and annexation should take effect, and it should consequently be considered as having an immediate and present effect. As the property represented by the plaintiff's list was, beyond controversy, a part of the basis of taxation in district No. 1 up to the time when this vote took effect, it would be subject to all school district taxes legally voted or assessed upon it in that district previous to that time. The property should, in the list of 1860, have been designated as being situated or liable to taxation in district No. 1,—its *situs* and the plaintiff's residence being in that district on the first day of April in that year. The vote of the town could not affect any right of district No. 1 in respect to a tax on this list which had before that time been legally voted or assessed. The vote made a present and prospective, and not a retroactive, transfer of the plaintiff's domicile and the *situs* of his farm and property from the one district to the other ; and his list cannot be treated as forming a part of the basis of taxation in both districts at the same time. The act of severance and annexation was not only virtually but necessarily equivalent to the transfer of the plaintiff's list and liability to future taxation thereon to the district to which the *situs* of his domicile and property was annexed. This construction is in harmony with the reason and sense of the statute, and is just, as well to the tax payer as to the districts affected

by the transfer. Without this construction, the vote of severance and annexation could not have any present effect; and, if a district should be divided and the whole of its territory set to adjoining districts, the property in it might, for a considerable period of time, escape from taxation for the support of schools in any district. We cannot believe that such a result was intended by the legislature. When the taxes on the plaintiff's list, under which the trespass complained of is justified, were voted, that list belonged to school district No. 1, and was a part of the basis of taxation in that district, and the plaintiff's liability for the taxes became fixed and certain by the votes under which they were respectively raised; and the subsequent annexation of his farm and transfer of his list to school district No. 2 could not affect that liability.

III. The plaintiff's list on the 1st of April, 1860, should, for the reasons already mentioned, have been designated by the listers as belonging to school district No. 1 in the list for that year. A record of the boundaries of school districts is required by law to be made in the town clerk's office whenever those boundaries are established or changed; and this record would, or should, on inspection, furnish the means of determining the school district to which any particular farm or parcel of real estate within the town belonged. But, in respect to personal estate, there would be nothing on the records of the town from which its *situs* could be ascertained except the designation of it to the several school districts as made by the listers in making up the list; and those records would consequently furnish no means of correcting such a designation, even though it might in fact be erroneous or improper. This consideration would seem to be the only ground upon which the designation of personal estate to the list of a particular school district could be held to be so conclusive as to make it a part of the list of the district for purposes of taxation as suggested in the case of *Woodward* v. *French*, 337, 343; but this ground has no application to the case of an error in designating real estate to the list of any particular district, because the *situs* of real estate is supposed to be always capable of being ascertained from the town records. This is not a case in which any division or apportionment

Ovitt *v.* Chase.

of the plaintiff's list became necessary in consequence of the transfer of his domicile and farm from one district to the other; and no embarrassment arises from the consideration that the statute has made no distinct provision for such a case, because the transfer included the domicile and farm of the plaintiff in its entirety. It has been held that the basis of taxation in a school district does not depend upon the continued residence of the tax payer within the district, if he was subject to taxation in the district when the list was made; (*Woodward* v. *French, ubi supra; Walker* v. *Miner,* 32 Vt. 769;) and it would seem necessary to make the basis of taxation effective that it should not be held to depend upon a circumstance so accidental as the neglect of the listers to perform a merely clerical duty. We think, therefore, that the act of the listers by which the plaintiff's list was erroneously designated as belonging to school district No. 2 was not conclusive either upon the plaintiff or upon school district No. 1 in respect to that point; and that the prudential committee of school district No. 1 was justified by the statute provision requiring all real estate to be taxed in the school district in which it is situated in treating that list as belonging to his school district up to the time when the vote annexing the plaintiff's farm to school district No. 2 took effect. In other words, we regard the error of the listers in making an erroneous designation of this list as not being beyond the possibility of correction if the town records furnished the necessary means of correcting it.

The judgment of the county court, which was *pro forma* in favor of the plaintiff, being inconsistent with the grounds of decision and conclusions now adopted, is reversed; and the case will be remitted to that court for a new trial.