JOHN W. HALL v. SCHOOL DISTRICT No. 3 IN CALAIS.

*Town Meetings.   School Districts.*

Under an article in the warning of a town meeting as follows: "To make alterations in
school districts. Moses Clark, Abner Sparrow, Salem Goodenough, and J. W. E. Bliss
petition to be set, together with their property, from district No. 1 to No. 7," the town
voted to set the persons named in said article, with their property, as therein peti-
tioned; and also, voted to set the plaintiff, and others not named in said article, "to-
gether with their property," from district No. 3 to district No. 10. *Held*, that said last
named vote was warranted by the article, and had the legal effect to transfer the
plaintiff, with what he possessed, both real and personal, that was subject to taxation,
from one district to the other.

ASSUMPSIT for money had and received in payment of taxes.
Trial at the March term, 1873, PECK, J., presiding.

The plaintiff's farm, on which he lived in 1869 and 1870, and
before and after, had been for many years, and at least until
March, 1870, a part of the defendant district; and thereafter
continued to be a part thereof, unless legally set therefrom by a
vote of the town as hereafter stated. Said taxes were assessed
on the plaintiff's list of 1870 or 1871, which was made up of his
said farm, and the property thereon, and his poll. The warning
for the annual town meeting, in March, 1870, contained the fol-
lowing article:

"8th. To make alterations in school districts. Moses Clark,
Abner Sparrow, Salem Goodenough, and J. W. E. Bliss, petition
to be set, together with their property, from district No. 1 to
No. 7."

The town voted at said meeting as follows:

"Voted to set Moses Clark, A. D. Sparrow, S. Goodenough,
and J. W. E. Bliss, with their property, from district 1 to dis-
trict 7.   *   *   *   On petition, voted to set John W. Hall
and Marcus Ide, together with their property, from district 3 to
district 10."

If the plaintiff and his farm were not legally set from the
defendant district by said vote, he was an inhabitant of said dis-
trict, and properly taxable there; and the defendant claimed
that under the warning, said vote had no legal effect to change

the property of the plaintiff from the district; but the court ruled otherwise; to which the defendant excepted. Judgment for the plaintiff.

*C. H. Heath,* for the defendant.

The warning for town meeting does not, in terms, set out, or signify to the town, that the plaintiff's real estate, or any part of it, was to be affected by any vote in said town meeting. Gen. Sts. ch. 15, § 3; *Wyley* v. *Wilson,* 44 Vt. 404; *Blush* v. *Colchester,* 39 Vt. 193. The words, "Moses Clark, Abner Sparrow, Salem Goodenough, and J. W. E. Bliss, petition to be set, together with their property, from district No. 1 to district No. 7," are words of limitation to the first part of the article.

The vote of the town does not purport to transfer the real estate of the plaintiff from district No. 3 to district No. 10. The word "property" may refer only to personal property. Story Cont. 641, 675.

The vote is not within the scope of the article in the warning, and does not leave the school districts defined with territorial limits. *Gray* v. *Sheldon,* 8 Vt. 402; *Moore* v. *Beattie,* 33 Vt. 219. And this would apply especially to school district No. 10, since the plaintiff might have real estate in other school districts than No. 3, or even in other towns. *Gray* v. *Sheldon, supra.*

*Gleason & Field,* for the plaintiff.

The warning was sufficiently definite and certain in its terms to warrant the action taken by the town. Under the notice in the warning, "to make alterations in school districts," the town was warranted in considering any proposed changes in the limits of existing school districts; and it was proper for the town, by vote, to set the plaintiff from school district No. 3 to school district No. 10. *Ovitt* v. *Chase,* 37 Vt. 196; *Moore* v. *Beattie,* 33 Vt. 219.

The effect of the vote was to set off the plaintiff, and his farm, from school district No. 3 to school district No. 10. *Alden* v. *Rounseville,* 7 Met. 218; *Nye* v. *Inhabitants of Marion,* 7 Gray, 244.

The opinion of the court was delivered by

ROYCE, J.   In *Ovitt* v. *Chase*, 37 Vt. 196, the court held that an article in the warning, "To see if the town will make alterations in school districts when met," was sufficiently definite to warrant- the consideration by the town, of any proposed change in the limits of the existing school districts in town.   The construction given to the warning in that case, is decisive of the construction which should be given to the article in the warning under which the town acted in this, unless the particularizing certain individuals in the article as wishing to be set from one district to another, operated to limit the action of the town to the individuals thus named.   It was wholly unnecessary to name any of the individuals who wished to be set from one district to another ; and because some were named in the warning, the town was not precluded from transferring others who were not named, from one district to another.   It is further claimed that the farm of the plaintiff, and upon which a portion of the taxes were assessed, was not transferred by the vote of the town.   The vote was, to set the plaintiff, together with his property, from district No. 3 to district No 10.   Property is defined to mean what one possesses ; and the legal effect of the vote, we think, was, to transfer the plaintiff, with what he possessed, both real and personal, that was subject to taxation, from district No. 3 to district No. 10.   *Alden* v. *Rounseville et als.* 7 Met. 218.   Neither did this vote violate the rule that requires school districts to be defined by geographical limits.   The evidences of title to real estate are required to be recorded, and with the aid of these, the boundaries of the district could as well be ascertained after the addition of the plaintiff's farm to it as before.

Judgment affirmed.