GEORGE PARISH, Appellant, v. PATRICK GOLDEN and others, Respondents.

The omission of the assessors to specify or make an affidavit as to some particular required of them in relation of the assessment, is not a jurisdictional defect.

Where the tax includes an improper item in respect to the compensation of the district attorney, it will not vitiate the levy.

Where the supervisors have jurisdiction to issue the tax warrant, they will not be liable in trespass because they have erred in allowing an improper item.

APPEAL from the judgment of the General Term of the fourth district, affirming the judgment rendered at the circuit upon a trial before Justice DAVIES without a jury.

The action was brought by the plaintiff against the defendants to recover $4,012 in specie, seized by the defendant, Patrick Golden, as collector of taxes of the town of Oswegatchie, upon a tax warrant issued by the board of supervisors of St. Lawrence county, in the year 1858.

The action was tried before Justice DAVIES, at Canton, in June 1859, and resulted in a judgment for the defendants. It appeared upon the trial, and was found by the judge, that the defendant, Patrick Golden, on the 11th day of February, 1859, took from the plaintiff's possession, the sum of $4,012.31, being the amount of the tax assessed against the defendant under and by virtue of a tax warrant delivered to him by the supervisors for the collection of taxes in the town of Oswegatchie, in which town the defendant resided, and that such tax warrant was signed by the defendants, John F. Bugbee, Guy B. Andrews, Geo. M. Foster and Aaron T. Hopkins, as well as others, supervisors of St. Lawrence county. The defendant, Elias P. Townsley, did not sign the warrant, and he was discharged on the trial without objection.

The plaintiff produced in evidence certain proceedings of the board of supervisors, by which it appears that the board audited and allowed to the district attorney of St. Lawrence county, a charge for extra services rendered by him at the

courts held at Plattsburgh and at Albany, to the amount of $250, which was put into the tax levy in addition to the sum of $750, which had been fixed as his salary at a meeting of the board in 1853.

It also appeared upon the trial that the assessment roll, embodied in the collector's warrant, was the one returned by the assessors of the town of Oswegatchie to the board of supervisors. George Parish was assessed therein as follows: "Real estate, $216.34; personal, $300,000; tax, $3,821.21." The following is the form of the affidavit indorsed thereon:

St. Lawrence County,   } ss.
  Town of Oswegatchie.   }

We the undersigned, do severally depose and swear that we have set down, in the foregoing assessment roll, all the real estate situated in the town of Oswegatchie, according to our best information, and that with the exception of those cases in which the value of the said real estate has been changed by reason of proof produced before us we have estimated the value of the said real estate at the sums which a majority of the assessors have decided to be' the full and true value thereof, and at which they would appraise the same in payment of a just debt due from a solvent debtor, and also that the assessment roll contains a true statement of the aggregate amount of the taxable personal estate of each and every person named in such roll over and above the amount of debts due from such persons respectively, and excluding such stocks as are otherwise taxable, at the full and true value thereof, according to our best judgment and belief.

Given under our hands, this 28th day of August, 1858.

     M. P. JACKSON,
     JAS. ARMSTRONG,   } Assessors of the Town
     ISAAC GRAY,              }    of Oswegatchie.
     ROBT. ATCHESON.

Subscribed and sworn before me, this 28th day of August, 1858.

             J. C. BARTER, Justice.

The plaintiff insisted before the judge that the tax warrant was void upon its face for want of jurisdiction in the supervisors to issue it, for the reason that the affidavit is not a substantial compliance with the form prescribed by statute. He also claimed that the warrant was illegal because the board of supervisors incorporated in the general tax an extra compensation to the district attorney.

The judge held as matter of law that the board of supervisors had jurisdiction to levy the said tax and issue the said warrant; that the assessment roll and the oath of the assessors thereto were in all respects legal, formal and correct, and the extra compensation allowed to the district attorney did not vitiate the tax list and warrant.

*Myers & Westbrook*, for the appellant.

*William C. Brown*, for the respondents Foster and Andrews.

*L. Hasbrook, Jr.*, for the respondent Golden.

*Dart & Tappen*, for the respondents Hopkins and Bigbee.

Morgan, J. There is an omission in the affidavit annexed to the assessment roll which is supposed, by the appellant's counsel, to be fatal to the validity of the warrant under which the collector seized the plaintiff's property. The statute prescribes a certain form of affidavit, and that form has been followed except in one particular. The statute requires the assessors, among other things, to make an affidavit " that the assessment roll contains a true statement of the aggregate amount of the *taxable* personal estate of each and every person named in such roll over and above the amount of debts due from each person respectively, and excluding such stocks as are otherwise taxable (and such other property as is exempt by law from taxation) at the full and true value thereof." (Laws of 1851, p. 334, § 8.) The words omitted are contained in brackets, and the question is, whether they are material, in order to give the supervisors jurisdiction to levy the tax. For, if the supervisors had jurisdiction to issue the

warrant, this action cannot be maintained. According to the decision of this court in *Van Rensselaer* v. *Whitbeck* (1 N. Y., 517), if the assessment roll is not complete and in a condition to be delivered to the board of supervisors, they have no jurisdiction to issue a warrant for the collection of taxes.

It is obvious, however, that the omission of the assessors to comply with an important provision of the statute regulating their duties cannot be regarded as a jurisdictional defect without subjecting public officers to unnecessary vexation and embarrassment. In my opinion, the principle of that case (*Van Rensselaer* v. *Whitbeck*) ought not to be extended. If every omission is to be regarded as a jurisdictional defect, then it is apparent that the whole tax is vitiated wherever such an omission is discovered. The supervisors must, necessarily, enter upon the discharge of their duties and examine the assessment rolls of all the towns. Defects in the assessment rolls of one town, or in the form of the affidavits indorsed thereon, will not have the effect of stopping their proceedings. The public interests require them to proceed and make the necessary corrections, when it can be done without interfering with the rights of the tax payers. Having entered upon their duties, I think it would be competent for them to send for the assessors of any one town to come before them and supply omissions and make the necessary affidavits, where the omission occurred through accident or mistake.

Now, it does not appear in this case that the assessors neglected any duty imposed upon them in respect to the assessment of the personal property of the town of Oswegatchie. For aught that appears, they excluded from the valuation such as was exempt by law from taxation. It does not appear, *affirmatively*, that the assessors neglected any duty which was necessary to the protection of the rights of the tax payers of Oswegatchie. The case is, therefore, clearly distinguishable from *Van Rensselaer* v. *Whitbeck*, where it appeared, by the certificate of the assessors, that they had estimated the real estate of the town of Greenbush not according to its

value, but as they deemed proper," and the personal not " according to their best information and belief of its value," " but according to the usual way of assessing." Nothing of the kind appears in the case at bar; and I think it ought not to be *assumed* that the assessors failed to make a legal estimate of the valuation of the property of the town of Oswegatchie, for the purpose of invalidating the tax warrant. The usual presumption as to public officers is, that they have done their duty. And I am clearly of the opinion that the omission of the assessors to certify or make an affidavit as to some particular required of them in relation to the assessment, is not to be regarded as a jurisdictional defect. If they have proceeded legally, an informal certificate or affidavit ought not to be regarded as fatal to the jurisdiction of the supervisors to proceed and levy the tax, and the court will not presume that the assessors have neglected any duty imposed upon them by statute from their mere omission to certify it in their affidavit indorsed on the assessment roll. If it contains substantially the matters required by statute, the defect may be disregarded. If the omitted part is material, it may be supplied and corrected. The proceedings of the board of supervisors cannot, I think, be interrupted by the neglect of the assessors of a particular town to make a formal verification of the assessment roll within the time limited by statute for that purpose; and if the duty has been discharged, the public interests require that the necessary verification should be allowed to be subsequently made. In case of willful neglect of any assessor to make the necessary verification, he will incur a forfeiture of fifty dollars. (1 R. S., Edm. ed., 366, § 29.) The object of the verification is to insure fidelity on the part of the officers, and this may be enforced by a prosecution for the penalty.

I have not thought it necessary to examine into the question whether the omission of the assessors to state in their affidavit that they had excluded from valuation, property exempt by law from taxation, was a mere repetition of what they had already stated, or whether it related to real or personal property, or to both. The statute exemption applies

to both real and personal estate (1 R. S., Edm. ed., 360, § 4); although the language of the affidavit seems to apply only to personal property.

I think we ought to place our decision in this case upon a broader foundation. This affidavit is in the nature of a verification of the assessment roll, and comes in the place of a certificate of the regularity of the assessment. (Laws of 1851, 344, § 8). The old certificate did not contain the words omitted in this affidavit. (1 R. S., 394, § 26.) It may doubtless be regarded as repetitions, as the assessors had already stated that the assessment roll contained a " true statement of the aggregate amount of the *taxable* personal estate." When it is added that they had also excluded *non-taxable* property from their valuation, it is substantially the same thing in a different form. But if it is a material statement, the omission of it ought not to be regarded as fatal to the assessment roll. Its omission is not evidence that the assessors have not performed their duty in making the valuations. It is like an informal verification in judicial proceedings, and, I think, subject to correction and amendment. There is nothing in the nature of the verification showing that it may not be made after the delivery of the assessment roll to the supervisors as well as before, and I am of the opinion that the duty of verifying the assessment is to be regarded as *directory* rather than jurisdictional. (See *People* v. *Allen*, 6 Wend., 486; *Torrey* v. *Millsbury*, 21 Pick., 64; *Howard* v. *Procter*, 1 Gray, 128.)

The other objections to the collector's warrant, are not available in this action. If it should be conceded that the tax included an improper item in respect to the compensation of the district attorney, the remedy is in another form of action. Having jurisdiction to issue the warrant, the supervisors are not liable in trespass, because they may have erred in the allowance of an improper item. (*Randall* v. *Smith*, 1 Denio, 214, 218, 219.)

Another question is now made involving the validity of the assessment roll in respect to the valuation of the plaintiff's real estate. It does not appear that any such question was

definitely raised or passed upon by the judge on the trial. It is, therefore, unnecessary to discuss it in this opinion. The judgment should be affirmed.

Concurring, LEONARD, PORTER and WRIGHT, JJ., and DAVIES, Ch. J.

HUNT, J., read an opinion for reversal, in which PECKHAM, J., concurred.

Judgment affirmed.