NEW YORK PRACTICE REPORTS. 373

National Bank of Chemung agt. City of Elmira.

. SUPREME COURT.

THE NATIONAL BANK OF CHEMUNG agt. THE CITY OF ELMIRA.

THE CHEMUNG CANAL NATIONAL BANK agt. THE CITY OF ELMIRA.

THE SECOND NATIONAL BANK OF ELMIRA agt. THE CITY OF ELMIRA.

It is the duty of the court to allow parties to *amend their pleadings*, so that their causes may be tried on their merits. But it would be improper for the court to authorize them to do acts which would destroy the rights of their adversaries to causes of action or defenses thereto.

Thus, where the plaintiffs brought their several actions against the defendant to recover back taxes collected from them by the collector of the defendant, during the year 1868, and pending the trial, the defendant moved, at special term, for an order permitting the assessors to amend their affidavit indorsed on the assessment roll, for the year 1868, by supplying omissions or defects therein.

*Held*, that it was not proper for the court to authorize any change of the facts or papers from what they were when these actions were commenced and upon which the rights of the parties have thus far depended. Motion denied with costs.

*Chemung special term, commencing April* 12, 1870.

RANSOM BALCOM, *justice of the supreme court, presiding.*

MOTION by defendant in the three above-entitled causes for an order permitting the assessors of the city of Elmira to amend their affidavit indorsed on the assessment roll of property in the city of Elmira, for the year 1868, by supplying the omissions or defects therein by an amended or supplemental affidavit so as to conform to the requirements of the law, or that a new and supplemental affidavit be made by them and indorsed on said roll, in compliance with and as required by law as of the time when said affidavit should have been made; and that after it shall have been

National Bank of Chemung agt. City of Elmira.

so amended or made and indorsed on said roll, there be a further hearing had in each of said actions before said refe ree, to be brought on upon the usual notice by either party or for such other or further order as may be proper to grant.

E. H. BENN *and* HIRAM GRAY, *for plaintiffs,*

Cited the following authorities : *Mitchell* agt. *Van Buren,* 27 *N. Y.,* 302; 4 *Hill,* 76 *& 86; 2 *Denio,* 323, 329, 336; 1 *Hill,* 130; 20 *Wend.,* 240 *& 248; *Van Rensselaer* agt. *Witbeck,* 7 *N. Y.,* 517; *Parish* agt. *Golden,* 35 *N. Y.,* 462; 3 *Hill,* 511; 6 *How.,* 394; 18 *Barb.,* 407; 2 *R. S., Edmonds' Ed.,* 294; 14 *N. Y.,* 450, 459 *& 460; 16 *Barb.,* 319; 9 *Wend.,* 340; 1 *R. S., 5th ed.,* 913; 3 *R. S., Edmonds' ed.,* 350.

S. B. TOMLINSON, *for defendant,*

Cited the following authorities: *Parish* agt. *Golden,* 35 *N. Y.,* 462; *Van Rensselaer* agt. *Witbeck,* 7 *N. Y.,* 517; 7 *Barb.,* 135; 6 *Wend.,* 486; 21 *Pick.,* 64; 1 *Gray,* 128; 39 *Barb.,* 97; 45 *Barb.,* 317; 20 *How.,* 289; 16 *Abb.,* 366; *People* agt. *Supervisors of Ulster Co.,* 34 *N. Y.,* 268; 14 *N. Y.,* 456; *Sedgwick on Stat. & Const. Law,* 368; 16 *Barb.,* 245; 53 *Barb.,* 547; 3 *Denio,* 117; 37 *N. Y.,* 344; *Id.,* 462; *Juliand* agt. *Rathbone,* 39 *N. Y.,* 369; 27 *N. Y.,* 300.

BALCOM, J.—These actions were brought to recover back taxes collected of the plaintiffs by the collector of the city of Elmira, and paid over to the treasurer thereof for the year 1868. Which taxes were assessed against the plaintiffs upon the assessment roll and upon personal property in that year. The affidavit of the city assessors, annexed to the assessment roll of that year, was sworn to before the deputy clerk of Chemung county, and it was defective.

The actions were commenced in May, 1869. The defendant, in answering the plaintiffs' complaints, justified the collection of the taxes by virtue of the assessment and roll made by the city assessors in 1868.

The actions were referred to a referee to hear and determine. He has heard the evidence in them; but they have not been finally submitted to him, because he gave counsel for the respective parties time to prepare and submit briefs to him, which they have not done.

A stay of the plaintiffs' proceedings in the actions, was granted by the county judge of Chemung county, until the decision of this motion.

The decision in *Parish* agt. *Golden*, (35 *N. Y.*, 462,) is the most favorable to the defendant of any cited on the argument. But I am of the opinion it would not justify me in permitting an amendment of the affidavit annexed to, or indorsed upon the assessment roll of 1868, or in allowing the city assessors to make a new or supplementary affidavit, and annex it to that roll.

If the defects in the affidavit in question are immaterial, no amendment of it, or supplementary affidavit is necessary to enable the defendant to justify the collection of the taxes sought to be recovered back in these actions. If the affidavit is defective in the material parts, or was not sworn to before the proper officer, and either error rendered the collection of the taxes unauthorized, so the plaintiffs can recover in the actions, the order I am asked to make, would operate to give the defendant a new defense, that did not exist when the actions were commenced, and which does not now exist.

It was said in *McKnight* agt. *Dunlop*, (1 *Selden*, 544,) "wherever a right of action has once vested in a party, it can only be destroyed by a release under seal, or by the receipt of something in satisfaction of the wrong done." But I am asked, if the plaintiffs have causes of action, to authorize acts by the assessors of the city of Elmira, for the

year 1868, which would take away the plaintiff's rights of action, that would be going beyond anything that was decided in *Parish* agt. *Golden*, (*supra.*)

It is the duty of the court to allow parties to amend their pleadings, so their cases may be tried on the merits. But it would be improper to authorize them to do acts which would destroy the rights of their adversaries to causes of action, or defenses thereto.

Now whether the plaintiffs in these cases have causes of action, or the defendant has a defense to them, as the assessment rolls were made and verified by affidavit in 1868, are questions I shall not pass upon. It is the duty of the referee to determine those questions.

What I hold is, that it is not the duty of this court, or even proper for it, to authorize any change of the facts, or papers from what they were when these actions were commenced, and upon which the rights of the parties have thus far depended.

For these reasons, I am of the opinion, the defendant's motion in these actions should be denied, with ten dollars costs.