JOHN N. WESTFALL, Appellant, *v.* WILLIAM A. GERE, FRAN-
CIS H. KENNEDY, EDWIN R. HARMON and JOHN VOORHIES,
Respondents.

(GENERAL TERM, FOURTH DEPARTMENT, SEPTEMBER, 1870.)

Under the statute (1 R. S., 387) which provides for the assessment and col-
lection of taxes (as amended Laws 1851, chap. 176, § 8), the assessors are
required to make and subscribe the oath prescribed, when "they shall
have completed their rolls."—*Held*, that the statute does not intend the
oath to be delayed until after the day for reviewing the assessments and
the hearing and disposition of complaints in respect thereto, but that the
oath is to be subscribed and taken when the rolls are made up according
to the provisions of section 9, 1 R. S., 390, and ready to be left with
one of the assessors for public inspection.

And per JOHNSON, J., assuming the intent of the statute to be, that the
oath is to be taken after the review day, the making and subscription
thereof at an earlier day, after the roll had been made up, according to
section 9, would be merely an irregularity, and would not affect the
jurisdiction of the supervisors.

Where an assessment roll, regular upon its face, is duly presented to the
supervisors, they are not charged with any duty of going beyond the
same, to inquire if the assessors have in point of fact performed their
duty, but are to apportion and set down the tax, and issue their warrant
for its collection; and their warrant, issued in due form, with the copy
of the roll as required by statute, protects the collector who acts under it.

THE facts of the case are sufficiently stated in the opinion
of the court.

*W. Porter*, for the appellant.

*E. C. Sprague*, for the respondent.

Present—MULLIN, P. J., JOHNSON and TALCOTT, JJ.

By the Court—JOHNSON, J. This case comes here for
review upon a single general exception to the conclusion of
law, that the plaintiff was not entitled to recover against the
defendants. The action was tried by the court without a
jury, and the case does not contain the evidence, but only

the facts found by the court, and the conclusion of law thereon. The judgment must, therefore, be affirmed unless it appears clearly from the facts found by the court, that the conclusion of law should have been different and in favor of the maintenance of the action. Three of the defendants were members of the board of supervisors, who, with the other members of the board, made out the warrant to the other defendant, who was the collector of the town, and who collected the tax against the plaintiff by levy and sale of his property. It appears from the facts found by the court, that the assessment roll of the town in which the plaintiff resided and was assessed, was regular upon its face, and the oath thereto was subscribed in the manner prescribed by law, and that there was nothing appearing on said roll to show or indicate that the name of the plaintiff had not been entered therein, and the valuation made in the proper time and manner. This being so, the conclusion of law necessarily followed that the action could not be maintained against the members of the board of supervisors, even if it were true that the plaintiff had been in fact improperly and illegally assessed by the assessors of the town. The assessment roll, when duly presented to the board of supervisors, if it appears upon its face to have been completed and verified according to the requirements of the statute, gives them jurisdiction to estimate and set down in the appropriate column the amount of the tax upon the assessment against each person assessed upon such roll, and to issue their warrant to the collector of the town requiring him to collect the same. (1 R. S., 394, § 33; id., 396, § 37; *Parish* v. *Golden*, 35 N. Y., 462; *Van Rensselaer* v. *Whitbeck*, 7 id., 517.) The board of supervisors are not charged with any duty of going beyond the assessment roll to inquire whether the assessors have not performed their duties in a manner different from what there appears. If it appears from the roll that their duties have been properly discharged, it is made the duty of the board of supervisors to estimate and insert the tax, and issue the warrant. The fact is found that the warrant was issued in due form to the collector, with the

copy of the roll as required by statute. The collector is, therefore, protected in the execution of it, even if the assessment was wholly unauthorized. (*Henderson* v. *Brown*, 1 Caines, 92; *Sheldon* v. *Van Buskirk*, 2 N. Y., 473; *Trustees of Rochester* v. *Symonds*, 7 Wend., 392.) He is bound to perform his duty and make the collection, even if he has reason to suspect and believe from other sources of information that the tax is improperly imposed.

The plaintiff's counsel insists that upon the facts found by the court, the assessment roll, as matter of law, appeared not to have been regularly completed and verified. According to the fact found the oath was made and signed on the 29th of July, two days before the 1st of August, though by the roll it appeared to have been done on the 26th of July. The point raised is, that such oath could not regularly be taken and subscribed until after the third Tuesday of August, and after the assessment had been reviewed and all the objections raised upon such review been disposed of. But the statute does not so read. Formerly the assessors were required to sign the roll and add thereto a certificate in the form prescribed, as to the manner in which they had performed their duties, as this was to be done after the review, and, "immediately after the assessors shall have disposed of the objections." (1 R. S., 394, § 26.) But this section 26 of the Revised Statutes was repealed by the act of 1851 (Sess. Laws of 1851, chap. 176), and section 8 of the latter act substituted therefor. By this section, instead of signing the roll and making their certificate after they had "disposed of the objections," as required by section 26, the assessors are required to make and subscribe an oath in the form prescribed, when "they shall have completed their roll." By all the provisions of the statute the roll is deemed completed when it is made up according to the provisions of section 9, and ready to be left with one of the assessors to be seen and examined by any person interested until the third Tuesday of August. Thus, by section 19, 1 R. S., 393, "the assessors shall complete the assessment roll on or before the first day of August, and

shall make out a fair copy thereof, to be left with one of their number." They are then to put up notices; and by section 20, " such notices shall set forth that the assessors *have completed their assessment roll*, and that a copy thereof is left with one of their number at a place," &c., where the same may be seen and examined until the third Tuesday of August, when the assessors will meet to review their assessments.

It is thus seen that the statute regards and calls the assessment roll " completed," when it is made up and in readiness for the review of the assessments at a day subsequent. No other different *completing* is referred to or spoken of in the statute. The review is for the purpose of hearing objections to the assessments as made, and correcting errors upon the roll, as previously " completed." It is to be " completed " on or before the first of August in each year, and when " completed " the oath is to be made and subscribed, whether completed on or before the first of August. The substitution of section 8 of the act of 1851, for section 26 of the original statute, is quite significant on this question of the time when the oath might be made and subscribed. I am of the opinion, therefore, that the court was clearly right in finding that the assessment roll was made and the oath thereto subscribed in the manner and form prescribed by law.

But even if it could be held (as I think it cannot), that the intention by section 8 of the act of 1851 was, that the oath should not be taken and subscribed, until after the review day, and after all the objections had been disposed of, still I am of the opinion that making and subscribing the oath on a day earlier, but after the first completion, as was the case here, would be a mere irregularity, which would not affect the jurisdiction of the board of supervisors to estimate and insert the tax in the assessment roll, nor charge them with notice that the name of the plaintiff and the amount assessed against him had been inserted after making the oath, and after the time for completing the assessment roll had expired. The oath was in accordance with the statute, in respect of matter and form, and was conclusive evidence to the board

of supervisors, that the assessment had been made at the proper time and in the proper manner, at least in the first instance. The board of supervisors would be bound to presume, that the assessors had discharged their duty properly, upon the review of their assessments.

The judgment of the Special Term must therefore be affirmed.