It is a general rule that, in exercising the power of taxation, the statutory proceedings must be substantially pursued, as well to secure vigilance and fairness on the part of the public officers as to protect the citizen against unlawful burdens. At the same time the official action of public officers clothed with this duty, acting in good faith, *Page 436 
will be protected as far as practicable, consistent with the rules of law and the rights of others. They will not, in general, be held liable for mere errors of judgment when they have a discretion, or in the performance of a duty of a judicial nature. The defendants, in placing the relators upon the assessment roll, acted under the authority of the act, chapter 453 of the Laws of 1865, which provides that whenever it shall appear to the assessors of any town that any land or property, legally liable to taxation, has been omitted in the assessment roll of the next preceding year, it shall be the duty of the assessors, upon application, etc., to enter said land or property in the assessment roll of the current year, at the valuation of the year in which said tax was omitted, or, if not then valued, at the valuation of the preceding year.
Whatever the nature of the duty of ascertaining whether any land or property has been omitted may be, when that is ascertained and the application made, there is no discretion to be exercised by the assessors. They are to do a specific thing, which is a ministerial act, to enter the property upon the assessment roll at the valuation of the preceding year, if it was then valued, or, if not, at the valuation of the year preceding that. If the property was not valued in one of those years, the assessors have no power to enter it upon the assessment roll. The valuation required is the valuation upon the assessment roll. The property in question was valued upon the assessment roll of the preceding year, and assessed to a wrong person at $30,000. The defendants entered it at $40,000. This was unauthorized; but it is claimed that the property was actually valued, upon the assessment roll of the preceding year, in the first instance at $100,000, and that it was reduced by the supervisors, or in some other way, to $30,000, and that the relators cannot complain that the valuation is reduced. The assessment roll is the best evidence of the valuation, and the amount is presumed to have been fixed lawfully until the contrary is shown. The memorandums and recollection of two of the defendants cannot be allowed to override the official document on file in the proper *Page 437 
office. Aside from any other question, I do not think the defendants were authorized to enter the property at any other valuation than $30,000. They had no discretion and no judgment to exercise as to the valuation.
The authority is specific and must be strictly pursued. The language of the act is not fortunate for accomplishing the object intended; but we are obliged to take it as the legislature has adopted it. It is unnecessary to consider the other points raised as to the construction of the law.
The provision in the judgment for a restoration of the money collected on the tax is improperly there. The order of the Special Term allowing it having been reversed by the General Term, it is the same as though no authority ever existed; but it is not properly before us on this appeal. Having been inserted without authority, the proper remedy is by motion in the Supreme Court to correct the judgment.
The judgment should be affirmed.
All concur, except ALLEN, J., not voting.
Judgment affirmed.