HENRY L. HINCKLEY AND FREDERICK T. BARTO, PLAINTIFFS, *v.* HORACE G. COOPER, DEFENDANT.

*Assessment roll—when the affidavit of the assessors is fatally defective*—1851, *ch.* 176, § 8.

To the assessment roll of the town of Ulysses was attached, in attempted compliance with section 8 of chapter 176 of 1851, the following affidavit of its assessors, "We, the undersigned, do severally depose and swear that we have set down in the foregoing assessment roll all the real estate situated in the town of Ulysses, according to our best information, and that, with the exception of those cases in which the value of the said real estate has been changed by reason of proof produced before us, we have estimated the value of said real estate at the sums which a majority of the assessors have decided to be *the assessed value thereof;* and also that the said assessment roll contains a true statement of the aggregate amount of the taxable personal estate of each and every person named in such roll, over and above the amount of debts due from such person respectfully, and excluding such stocks as are otherwise taxable and such other property as is exempt by law from taxation, at the value thereof, according to our best *knowledge* and belief."

*Held,* that the substituting of the words "the assessed value thereof," for the words "the full and true value thereof, and at which they would appraise the same in payment of a just debt due from a solvent debtor," the omission of the words "full and true," before the words "value thereof," and the substitution of the word "knowledge" for "judgment," rendered the affidavit fatally defective, and any tax levied by the board of supervisors upon the said assessment roll wholly void.

CONTROVERSY submitted upon an agreed statement of facts in pursuance of sections 1279–1281 of the Code of Civil Procedure.

From the statement of facts it appeared that the plaintiffs are individual bankers, doing business in the name of "Henry D. Barto and Company's Bank," pursuant to the laws of the State of New York, and at the times hereinafter mentioned were, as such bankers, doing business with a capital of $30,000, of which about $3,000 was invested in real estate acquired by them in the process of securing debts contracted to them in the ordinary course of their said business. The said business at the times hereinafter mentioned was, and now is, transacted, and their banking house located, in the town of Ulysses, Tompkins county, New York. The defendant, at the times hereinafter mentioned, was the supervisor of

the said town of Ulysses, and as such was a member of the board of supervisors of Tompkins county during the year 1879. On or about September 1, 1879, the assessors of the said town of Ulysses delivered to the said defendant, as the supervisor of the said town, the assessment roll of the said town of Ulysses, which roll, among other things, contained an assessment against the plaintiffs, as such bankers, as aforesaid, in the words and figures following, to wit :—

| | LOT | PERSONAL | AM'T | |
|---|---|---|---|---|
| " \| Barto & Co.'s Bank .... | 2 | $26,200 | $26,200 | \| " |

To this assessment roll was attached an affidavit made by the said town assessors, in the words and figures following, to wit :—

" TOMPKINS COUNTY, ss. :

" We, the undersigned, do severally depose and swear that we have set down in the foregoing assessment roll all the real estate situated in the town of Ulysses, according to our best information, and that, with the exception of those cases in which the value of the said real estate has been changed by reason of proof produced before us, we have estimated the value of said real estate at the sums which a majority of the assessors have decided to be the assessed value thereof ; and also, that the said assessment roll contains a true statement of the aggregate amount of the taxable personal estate of each and every person named in such roll, over and above the amount of debts due from such person respectfully, and excluding such stocks as are otherwise taxable and such other property as is exempt by law from taxation, at the value thereof, according to our best knowledge and belief.

" Dated the 19th day of August, 1879.

" THOMAS BOWER,<br>
" LUCIUS B. CURRY,<br>
" JONAH W. KIRBY,<br>
" <em>Assessors of the Town of Ulysses.</em>

" TOMPKINS COUNTY, ss. :

" I, Jacob Carman, one of the justices of the peace in and for the Town of Ulysses, do certify that the assessors above named appeared

before me, 19th day of August, 1879, and did severally make and subscribe the foregoing oath.

"JACOB CARMAN,

"*Justice of the Peace.*"

This is the only affidavit made by the assessors to the said assessment roll, or at any time attached thereto. This assessment roll, with the aforesaid affidavit thereto attached, was by the defendant delivered to the said board of supervisors (of which board he was an acting member) at the regular meeting thereof held in November, 1879.

The said board of supervisors afterwards completed the said assessment roll by extending into an additional column thereof the amount of tax to be collected of each person named therein, according to the amount assessed to him ; and thereafter the defendant, as the supervisor of the said town, issued to the collector a warrant in the usual form for the collection of the tax assessed to the plaintiff, under which the said collector levied upon personal property belonging to the defendant, to the amount of $362.53, and took the same and applied it, or the avails thereof, in the payment of the aforesaid tax and the collector's commissions thereon, the plaintiffs all the while forbidding said levy and taking, and protesting against the same as unlawful and unauthorized, upon the ground that the aforesaid affidavit of the assessors was not a compliance with the statutory provisions thereto appertaining, and did not confer any jurisdiction upon the said board of supervisors to levy the said tax, or to issue the warrant under which the said collector was acting.

The said amount has not been returned to the plaintiffs, nor any part thereof.

No question was made as to the regularity or sufficiency of any of the proceedings under which the said assessment was made and the said tax levied and collected, excepting only such as appertain to, or depend upon, the affidavit made by the town assessors to the said assessment roll ; the question in difference between these parties being whether or not such affidavit was a sufficient compliance with the statute in such case made and provided to confer jurisdiction upon the said board of supervisors to issue their warrant, as afore-

said, and authorize the collection of such tax from the plaintiffs, and to protect the said defendant in signing said warrant and delivering the same to the collector.

Section 8 of chapter 176 of 1851 provides as follows:

"When the assessors, or a majority of them, shall have completed their roll, they shall severally appear before one of the justices of the town or city in which they shall reside, and shall severally make and subscribe before such justice an oath in the following form: We, the undersigned, do severally depose and swear that we have set down, in the foregoing assessment roll, all the real estate situated in the (town or ward, as the case may be) according to our best information; and. that with the exception of those cases in which the value of the said real estate has been changed by reason of proof produced before us, we have estimated the value of the said real estate at the sums which a majority of the assessors have decided to be the full and true value thereof, and at which they would appraise the same in payment of a just· debt due from a solvent debtor, and also that the said assessment-roll contains a true statement of the aggregate amount of the taxable personal estate of each and every person named in such roll, over and above the amount of debts due from such persons respectively, and excluding such stocks as are otherwise taxable, and such other property as is exempt by law from taxation, at the full and true value thereof, according to our best· judgment and belief. Which oath shall be written on said roll, signed by the assessors and certified by the justice, and shall be in place of the official certificate now required by law; and every assessor who shall willfully swear false in taking and subscribing said oath shall be deemed guilty of, and liable to the penalties of willful and corrupt perjury."

*Wm. N. Noble,* for the plaintiffs.

*Bradford Almy,* for the defendant.

LEARNED, P. J.:

The affidavit of the assessors is defective in a material point, and the defect was doubtless intentional. To say that they had estimated the value of the real estate at the sums which they had

decided to be the *assessed* value thereof, is a plain evasion of the statute, and means little or nothing. To omit the clause "and at which they would appraise," &c., leaves out a very important part of the statutory affidavit. And the remaining omission and alteration carry out the violation of the statute.

In the case of *Parish* v. *Golden* (35 N. Y., 462), the omission in the affidavit was only in the words "and such other property as is exempt by law from taxation." It was held that this was not fatal to jurisdiction.

That case is very different from the present. At the most it was an omission, and, as the word "taxable" appeared previously, the affidavit did not affirmatively state any improper act. (*Westfall* v. *Preston*, 49 N. Y., 349.) But the present affidavit is really a statement that the assessors have estimated the real estate at such sums as they arbitrarily chose; while the substitution of the word "knowledge" for "judgment" limits the assessment of personal property to the narrow extent of their knowledge, exclusive of proof.

The case of *Van Rensselaer* v. *Whitbeck* (7 N. Y., 517), applies directly to the present case. The defects are very similar, and were doubtless made with the same object in both cases. That case is recognized as sound in *Westfall* v. *Preston, ut supra.* It cannot be necessary to discuss a question thus settled and settled wisely.

Judgment must be rendered, on the submission for the amount claimed by the plaintiffs, with costs.

Present—LEARNED, P. J., BOCKES and FOLLETT, JJ.

Judgment rendered, on submission for plaintiffs.
HUN.—VOL. XXII.    17