Follett, J.
Two questions are involved in this action: (1) Had the board of supervisors jurisdiction to make the assessment ? (2) If the board had not jurisdiction, is the defendant individually liable in trespass for the value of the property sold %
It is unnecessary to determine whether the adoption by the assessors of the lists of taxable inhabitants, *6 property and valuation made by each assessor amounted to a legal assessment before the lists were combined" into a single assessment roll, because, if such action amounted to a legal assessment, the assessors had power to strike the assessment from the roll at any time in July, and before making and depositing the statutory (1 R. S. 393, § 19) “one fair copy thereof.”
In People ex rel. Lorillard v. Supervisors of Westchester (15 Barb. 607), it was held that the power of the assessors in this respect, is not restricted by the statute to the third Tuesday in August, and that they may correct assessments, except to increas.e them, or to add new names to the roll, at any time before it is delivered to the supervisor (15 Barb. 615). In Clark v. Norton (49 N. Y. 243) it was said, that the assessment roll must be completed, and a fair copy made and deposited for examination on or before August 1, and that after this is done, additions cannot be made. In Overing v. Foote (65 N. Y. 263) it was said, at page 275:
“ Reference to reported cases, and extracts from the opinions of different judges, at least tend to show that exactly what can be properly done by assessors in making out and completing an assessment roll between the first day of July and the first day of August, has not been very clearly decided.” On the same page, it is said: “ This roll must be completed by the first day of August, but may be at any time between the first day of July and the first day of August; but when completed, whether before the first of August, or on that day, notice of the fact must be forthwith given as the statute prescribes, and after that, I am of opinion that no further names and no other property can be added to the roll by the assessors, unless, perhaps, it may be that where the roll is supposed to have been completed before the first of August, and notice given, an error in the roll should be discovered, the notice might be countermanded, the roll corrected and com- *7 pie ted before the first of August, and a new notice on that day given which would answer the requirements of the statute.” Under the statutes, as construed by the cases, assessors have power to add persons and property assessable on July 1 to the roll, or to deduct persons or property unassessable on that day from it, if done in July, and before making a fair copy thereof, depositing it with one of their number, and giving the statutory notice. No case has been cited, and none has been found holding that an assessment agreed to on the first, or an early day in July, cannot, during that month, and before notice given, be reduced or stricken from the roll.
The plaintiff’s assessment for personal property was not only stricken off in July, before the fair copy was made, but was left off the roll as verified on the third Tuesday in August and afterwards delivered to the supervisors.
It is insisted in behalf of (he defendant, that the board had jurisdiction to make the assessment under section 2, chapter 453, L. 1865, which provides that 6‘Under the petition of the assessors of any town, city or ward, that any land or property in any town, city or ward in the state has been omitted in the assessment roll of the current year, they (the board of supervisors) shall insert the same in the assessment roll of said town, city or ward at the valuation of the preceding year, and tax the same at thy rate per cent, of the current year.”
The jurisdiction of boards of supervisors to make assessments and levy taxes is derived solely from the statutes. Generally, they are confined to the correction of assessments made by the assessors of each town or ward, and are withoiTfc power to add property to the roll and make assessments thereon except in certain cases pointed ou hby the statutes. This is not one of those cases. The omitted assessments referred to in the *8 above quoted, and kindred statutes, are those which the assessors have by inadvertence neglected to place upon the roll. These statutes do not apply to such cases as are brought to the attention of the assessors, upon which they have deliberated and arrived at a conclusion that the person or property is not asséssable, and for that reason left off the roll. Were this not so, boards of supervisors could, upon the petition of assessors, add to the roll and assess all assessable bub unassessed property that might be discovered between the completion of the assessment by the assessors and the session of the boards of supervisors.
This was not the intention of the legislature. Again, the assessment made by the board is not at the valuation of the preceding year ($2,000.00), but at a valuation four times as great. This was clearly beyond their powers, and I think beyond their jurisdiction.
In People ex rel. Oswald v. Goff (52 N. Y. 434) the relators’ property was by mistake assessed to “B. P. Young, agent of Pultney estate,” and valued at $30,000. The next year, the assessors, upon the application of three tax-payers, assessed the property to the relators as property omitted from the assessment roll of the next preceding year, and valued the property at $40,000. This assessment was made pursuant to the first section of chapter 453 of the Laws of 1865, which makes it the duty of the assessors to enter property omitted from the roll of the next preceding year, upon the roll of the current year at the valuation of the year in which the tax was omitted, or, if not then valued, at the-value of the preceding year. The assessment ■was reviewed upon certiorari, and it was held, that the act which the assessors were authorized to do was ministerial, and that they were not authorized to enter tSe property at any other valuation than $30,000. This seems to be decisive of the illegality of the tax imposed on the plaintiff. If the act of the assessors *9 authorized by the first section is ministerial, it seems to me that the similar act which the board of supervisors is authorized to dó by the second section is also ministerial. If the assessors had notin the cases cited jurisdiction to place the property upon the roll at a valuation in excess of that of the preceding year, the boards of supervisors had pot jurisdiction to assess the plaintiff’s property in this case at a valuation in excess of that of the preceding year.
Again, if this is not an omitted assessment within the meaning of the statutes, the jurisdictional fact which must exist to authorize the board to act, did not exist, and the determination of the board that the fact did exist did not confer jurisdiction (Matter of Catholic Protectory, 77 N. Y. 342; National Bank of Chemung v. City of Elmira, 53 N. Y. 49). If the board was without jurisdiction to impose the tax, it was not simply an erroneous tax, but was an illegal one (People ex rel. Hermance v. Supervisors of Ulster, 10 Hun, 545, 547) and the two cases last cited.
The assessment having been made without jurisdiction, and therefore illegal,, the only remaining question is, whether the defendant is individually liable in trespass for his action as a member of the board, and for signing the tax warrant and delivering it and the roll to the collector.
The defendant seeks to shield himself on the ground that his acts were judicial; but as above stated, the court of appeals has held that a similar act by the assessors is ministerial, which seems to be decisive against the defendant on this paint.
In Van Rensselaer v. Whitbeck (7 N. Y. 517) the assessors failed to make and annex to the roll the certificate required by the statute. Whitbeck was a member of the board of supervisors which levied the. tax. He received the assessment book from the assessors and delivered it to the board, and acted as a member *10 of the board. He signed the tax warrant and delivered it to the collector. It was held that the board acted without jurisdiction in imposing the tax. Sharp (the collector) sold property of the plaintiff under the warrant. Trespass was brought against the supervisor and collector, and it was held that both were liable.
In Westfall v. Preston (49 N. Y. 349; 3 Lans. 151) the assessors verified the roll J uly 29, at which time an assessment had not been made against the plaintiff. On the third Tuesday of August the assessors met, and added to the roll an assessment against the plaintiff. Without further verification, the roll was delivered to the supervisor of the town, who delivered it to the board of supervisors. The board of supervisors levied a tax and issued a warrant, under which the plaintiff’s property was sold. An action was brought against three of the supervisors who signed the warrant, and another action against the assessors for trespass. The court of appeals held, that the affidavit was insufficient to confer jurisdiction upon the board of supervisors, and that the defendants were liable. Van Rensselaer v. Whitbeck is cited and approved.
The supervisors, in the two cases cited, did no act not performed by the defendant in this case, except delivering rolls imperfectly certified to their boards. I am unable to' see why the rule of individual liability declared in those cases, is not applicable to the case at bar.
In Parish v. Golden (35 N. Y. 462) it was said that the principle declared in Van Rensselaer v. Whitbeck ought not to be extended.
The question discussed in the case last cited, was not, whether the supervisors were individually liable for having caused the sale of the plaintiff’s property without jurisdiction, but whether the board had jurisdiction to make the assessment in that particular case, and it was held that the board had jurisdiction. The *11 second question was not reached. In Newman v. Supervisors of Livingston (45 N. Y. 676) an assessment had been made by the board of supervisors without jurisdiction, and the tax collected. An action was brought against the board in its corporate capacity to recover the amount of the tax. It was held that the action could be maintained, and that the defense interposed by the answer, that the act was not the corporate act of the county, but the act of the individual supervisors of the several towns, was frivolous, and should be stricken out. The language of the court in this connection does not seem to be quite in harmony with Whitbeck v. Van Rensselaer and Westfall v. Preston, but it is not broad enough to justify this court in departing from the rule declared in those cases. In Clark v. Norton (49 N. Y. 243), and in several other cases, assessors have been held individually liable in trespass for imposing taxes without jurisdiction.
The defendant insists that he is protected from liability by the principle declared in Lange v. Benedict, (18 Wall. 163 ; 8 Hun, 362 ; 3 Blatchf. 546 ; 73 N. Y. 12), even though the board exceeded its powers in levying this tax.
Lange had been duly indicted, tried and convicted of an offense in a court in which Benedict duly presided. The court had general jurisdiction of the subject matter—that is, of that class of offenses and offenders—and it had more, it had acquired, by due process of law, jurisdiction of Lange’s person and of the identical offense of which he had been duly convicted. The court had power, and was charged with the duty, from which it could not escape, of rendering a judgment against Lange in that particular case. In discharging this duty the court made a mistake, and rendered an erroneous judgment, not erroneous because wholly without jurisdiction of Lange and of the particular offense charged, but because, while having jurisdiction, *12 it rendered a judgment, not authorized by the statute. The erroneous judgment did not in anywise affect the jurisdiction of- the court over Lange, or the subject' matter of the action.
Judges have never been held liable for erroneous j udgments if they, or the court in which they presided, had by due process of law acquired jurisdiction of the subject matter involved, and of the person affected by the judgment. The principle of Lange’s case does not cover this, for two reasons : (1) Upon the authority of People ex rel. Oswold v. Goff, supra, I am constrained to hold that the board acted ministerially instead of judicially. (2) -Assuming that the board acted judicially, and its members are protected, to the same extent and upon the same principles applicable to courts of general jurisdiction, the case is not in point, because in this case, as before shown, the board had no jurisdiction of the subject matter, that is, to make any such assessment against any person, and also, because it did not acquire jurisdiction of this particular person and property.
The plaintiff is entitled to a judgment for $159.85 with interest to date, together with the costs of this action.
No appeal was taken.