WARREN O. McCLURE, APPELLEE, V. E. L. WARNER
AND OTHERS, APPELLANTS.

1. **Taxes**: LIEN: FORECLOSURE. It is unnecessary for the holder
of a tax deed to bring an action of ejectment and fail therein
before commencing an action to foreclose his tax lien. He may
in his petition allege the invalidity of the tax deed and state
facts showing his right to foreclose the lien.

2. ——— : ——— : LIMITATION. The statute does not begin to
run against a tax lien until the title acquired by the tax deed
has failed.

3. ——— : ASSESSMENT. The assessor must take the oath required
by the statute in order to make the assessment valid, but the
failure to attach the same to the assessment roll, or to return
the same with such roll, will not affect the validity of the tax.

4. **Pleading.** The failure to state a material fact raises a pre-
sumption against the pleader that it does not exist.

APPEAL from the district court of Lancaster county.
Heard below before POUND, J.

*N. C. Abbott*, for appellants.

*A. G. Scott*, for appellee.

MAXWELL, J.

This action was brought in the district court of Lancas-
ter county to foreclose certain tax liens upon real estate.
It is alleged in the petition that in September, 1874, the
plaintiff purchased at private tax sale the east half of the
south-west quarter of section eight, township eight north,
range seven east, for the amount of taxes and interest due
thereon, being the sum of $26.33; that afterwards he paid
the taxes on said land for 1874 and 1875. That in March,
1878, he surrendered his certificate of purchase and re-
ceived a tax deed for said premises; that said land was
subject to taxation for the years 1873, 1874, and 1875,

and was assessed and taxes duly levied thereon for those years, etc. It is also alleged that the title acquired by the tax deed has failed and the plaintiff prays for a decree enforcing the tax lien.

The defendants in their answer state: "That for the years 1873, 1874, and 1875 there was no assessment for the precinct of Saltillo, the precinct in Lancaster county in which the land in the petition described is situated, for that there was no certificate of the assessor of said precinct attached to or returned with the pretended assessment rolls for said years, or either of them, and that if any levy was made on said land for either of said years it was done without authority of law, and void for the reason aforesaid," etc.

In the second count of the answer it is alleged that the defendant Warner had sufficient personal property in said county at the time said taxes became due to pay the same. The third and fourth counts are pleas of the statute of limitations. A demurrer to the answer was sustained, and a decree rendered in favor of the plaintiff. The defendants appeal.

The questions presented will be considered in their order.

*First.* That no action at law has been brought to test the validity of the plaintiff's title. This question was before this court in *Shelley v. Towle, ante* p. 194, and it was held that the holder of a tax deed may bring an action on the deed, and allege that the title acquired thereby has failed, and in the same petition seek to foreclose his tax lien. *Miller v. Hurford,* 13 Neb., 20. The law does not require an action at law to be brought where it is apparent on the face of the proceedings, or through defects therein, hat the tax deed is invalid. There is no force, therefore, in this objection.

*Second.* That the statute of limitations has run against the claim. In several cases decided by this court it was held that the statute did not begin to run against the lien

until the title acquired by the tax deed had failed. *Bryant v. Estabrook, ante* p. 217. *Otoe County v. Brown, ante,* p. 394. *Schoenheit v. Nelson, ante* p. 235. And that this was to be determined by the time that the tax deed was declared to be invalid. The sale in question took place since the amendment of 1871 to the revenue law. The question of adverse possession does not arise in the case, and the pleadings fail to show that an action to foreclose the tax lien is barred.

*Third.* That there was no certificate of the assessor attached to or returned with the assessment roll. The failure of the assessor to take the oath required by law will render the tax invalid. *McNish v. Perrine,* 14 Neb., 582. *Hallo v. Helmer,* 12 Id., 87. *Lynam v. Anderson,* 9 Id., 367. *Morrill v. Taylor,* 6 Id., 236. *Marsh v. Supervisors,* Supreme Court of Wisconsin, 5 Cent. Law Journal, 509. The essential requirement is that the oath be taken by the assessor. If the assessor actually makes the required oath at the time the assessment roll is returned, the failure to attach the same to the assessment roll or to return it with such roll will not affect the validity of the tax. *Hallo v. Helmer,* 12 Neb., 90. *Miller v. Hurford,* 13 Id., 23. *Lynam v. Anderson,* 9 Id., 375. *Wood v. Helmer,* 10 Id., 65. In the defendant's answer there is no allegation that the assessor did not take the oath required, but simply that it was not attached to or returned with the assessment roll. This is not sufficient to show that the oath was not in fact made.

Where there is an omission to state a material fact the presumption against the pleader is that it does not exist. *B. & M. R. R. v. Lancaster Co.,* 4 Neb., 307. *B. & M. R. R. Co. v. York Co.,* 7 Id., 487.

There is no error in the record, and the judgment is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.