CITY OF BATH *vs.* PARKER M. WHITMORE.

Sagadahoc.    Opinion February 28, 1887.

*Taxes.   Suit for taxes.   Assessment.   Interest.   R. S., c. 6, § § 100, 122, 175.*

The only remedy which a person, who is a taxable inhabitant in the place where he is assessed, has for obtaining relief from an assessment for personal

property which he does not own, is by a petition to the assessors with the right of appeal from them to the county commissioners; if sued for the taxes, under R. S., c. 6, § 175, and he has obtained no abatement from assessors or commissioners, the defense is not open to him.

Where a person is sued for his taxes, he cannot defeat the suit upon the ground that the recorded list of assessments, upon which his assessment appears, is not signed by the assessors; the papers in the collector's hands are sufficient proof of the assessments.

The neglect of assessors to certify an assessment of the state tax, as required by R. S., c. 6, § 122, is merely an omission to observe a directory order which the law may overlook without injury to any one; it does not render an assessment void; it may be supplied by amendment, if necessary.

It is a general rule that an illegal provision in a warrant, separable from its other provisions, will not vitiate the instrument, unless the direction is acted upon. An unauthorized mandate in the warrant to a collector to collect interest on the assessments, not enforced or attempted to be, does not affect in other respects the validity of the warrant.

ON exceptions.

The opinion states the case.

*W. Gilbert and W. E. Hogan,* for plaintiffs, cited : *Norridgewock* v. *Walker,* 71 Maine, 181 ; *Lowe* v. *Weld,* 52 Maine, 588 ; *Johnson* v. *Goodridge,* 15 Maine, 29 ; 21 Pick. 67.

*C. W. Larrabee and J. W. Spaulding,* for defendant.

The action is under R. S., c. 6, § 175, which in its amended form reads : " In addition to the other provisions for the collection of taxes legally assessed, the mayor and treasurer of any city, the selectmen of any town, and the assessors of any plantation to which a tax is due, may in writing direct an action of debt to be commenced in the name of such city, or of the inhabitants of such town or plantation, against the party liable." This statute was originally enacted in 1874.

It is claimed that the language " taxes legally assessed," relates only to matters of form or of record in the assessment and commitment of the taxes, and in the election and qualification of assessors, as in *Dresden* v. *Goud,* 75 Maine, 298.

It is said that the question here presented has never been considered by the court. If that is so, it is difficult to understand how the court could have made the order of " plaintiffs nonsuit " in *Bucksport* v. *Woodman,* 68 Maine, 33. That case

was under this same statute, and the tax sought to be recovered was assessed upon a judgment of the first Court of Commissioners of Alabama Claims; the defence was that such an award or judgment was not taxable, and the court sustained that defence, in that action.

In *Camden* v. *Camden Village Corporation*, 77 Maine, 538, the tax sought to be recovered was upon a building containing the lockup, offices, etc., of the village corporation. The action was under this same statute. The defence was that the property was not taxable, and the court sustained that defence in that action.

It seems to us that those two actions were decided exactly right, and in compliance with the statute under which they were brought. That the " condition precedent to the maintenance of the action, that the tax should be legally assessed," was not fulfilled if the property was not taxable. A tax can not be " legally assessed " when it is assessed upon property which is not taxable.

What was the purpose of the legislature in the act of 1874? At that time there was in vogue the following methods of collecting taxes, for convenience we cite present statutes :

1.  Distrain the goods and chattels. R. S., c. 6, § 132.

2.  Arrest of the tax-payer on the warrant. R. S., c. 6, § 134.

3.  Sale of real estate. R. S., c. 6, § 193 *et seq.*

4.  An action of debt in the name of the collector. R. S., c. 6, § 141.

In no one of these methods could the party assessed successfully defend, or interfere and stop proceedings on the ground sustained in *Bucksport* v. *Woodman, supra.*

" Pay your tax" the law said, as construed by the court, and if you are injured bring an action to recover it back. And it was specifically held in *Waite* v. *Princeton,* 66 Maine, 226, in an action in the name of the collector, that the remedy of the defendant in an action like the one at bar, was by application for abatement.

But there is an important difference between the statute authorizing an action in the name of the collector and the statute authorizing this action.

Prior to 1874, if a person was improperly taxed, as was this defendant by the City of Bath, he must apply to the assessors for abatement, § 95; if their decision was adverse, he must apply to the county commissioners, § 96; if their decision was adverse, he must appeal to this court, and he thus, in that round-about way, after the expense and trouble to all parties of two hearings, gets before a competent tribunal to hear and determine a question of law.

The legislature undoubtedly considered all that circumlocution unnecessary and burdensome to both parties. And they enacted this short cut to the court of last resort, that towns and cities could adopt in cases, like the present, where there was an honest difference of opinion.

In order that the taxes shall be legally assessed, the list of assessments must be signed by the assessors. *Norridgewock* v. *Walker*, 71 Maine, 181.

The warrant, in so many words, required the collector to collect interest, when no interest could be collected. *Snow* v. *Weeks*, 77 Maine, 429.

We are told that these provisions are directory only; *et ergo* of no consequence. And SHAW, C. J., in *Torrey* v. *Millbury*, 21 Pick. 67, is cited to sustain this point. We submit that the opinion of the learned jurist has been unjustly treated before now, and that the paragraph preceding the one quoted by plaintiffs' counsel contains the rule for distinguishing between conditions and directions only. " All those measures which are intended for the security of the citizen . . . are conditions precedent, and if they are not observed he is not legally taxed."

In *Thurston* v. *Little*, 3 Mass. 429, which is the first case we find, where the point was specially discussed, the court say, " the statute expressly requires assessors to make and lodge in the clerk's office, or in their own, if they have one, an invoice of valuation from which the rates of assessment shall have been made."

If the opinion of the court in *Thurston* v. *Little, supra,* is good law and worthy of consideration, then apply the rule given by SHAW, C. J., in *Torrey* v. *Millbury, supra,* and the point is settled.

Statutes are to be construed in reference to the principles of the common law. 1 Kent, 463.

PETERS, C. J. The defendant, having a taxable residence in Bath, and being assessed there for a supposed ownership in several vessels, the taxes upon which he refused to pay, is sued for the taxes by the collector, in the name of the city, by virtue of authority given in the R. S., c. 6, § 175.

The branch of defense most strongly urged against the suit is, that the defendant was only a mortgagee of the vessels and not assessable therefor. If he had not been at the time of the assessment an inhabitant of Bath, and thereby not subject to the jurisdiction of its assessors, the defense would be open to him. *Ware* v. *Percival,* 61 Maine, 391; *McCrillis* v. *Mansfield,* 64 Maine, 198. As it is, he cannot urge such defense to the suit. If vessels which he did not own were taxed to him, it was merely an over-valuation of his property, a hardship which could be avoided in only one way, and that would be by petition to the assessors for an abatement, and, if unsuccessful before them, by an appeal to the county commissioners. An over-valuation may consist in assessing to a person property which he does not own, as well as in estimating too highly that which he does own. In neither class of over-valuation is an excess of jurisdiction assumed by the assessors, and in each case the remedy can be only by appeal from the assessors to the commissioners. *Stickney* v. *Bangor,* 30 Maine, 404; *Hemingway* v. *Machias,* 33 Maine, 445; *Gilpatrick* v. *Saco,* 57 Maine, 277; *Waite* v. *Princeton,* 66 Maine, 225.

We do not mean to say that assessors have an unlimited discretion in assessing taxes. Fraudulent action on their part may be corrected in equity; and there may possibly be other remedy for fraudulent valuation. Cool. Taxation, (2d ed.) 784, 792.

In behalf of the defendant it is contended that, while a taxpayer may be shut off from all redress for overvaluation, except by petition to the assessors and appeal from them to county commissioners, in cases where the body is arrested or chattels are distrained by the collector, the rule does not prevail when a suit is instituted to collect taxes. We do not feel any force in the distinction. Public policy invokes the rule as strongly in one case as in any other. Juries are not the most competent tribunal for such questions. Assessors and commissioners have better judgments on values, more opportunity to make comparisons between properties, and act much more speedily than courts can.

Stress is placed on the language of the statute that the remedy by an action is allowed for the collection of taxes "legally assessed." But this requirement applies just as much in the remedy by arrest or by seizure as in a remedy by suit. In either case, there must be a legal assessment. The answer is, so far as the point of over-valuation affects the question, that the assessment is presumed to be legal, and that the defendant is not permitted to deny its legality, except in the way pointed out by statute for that purpose. It would seem to be unreasonable and inconsistent to allow the defendant greater opportunities to escape taxation when sued than when arrested by the collector. It has been held, in cases above cited, that an overrated taxpayer cannot pay the tax under protest and afterwards recover it of the town or its collector. The principle must be the same whether he be plaintiff or defendant in the litigation. In *Camden* v. *Village Corporation*, 77 Maine, 530, and *Bucksport* v. *Woodman*, 68 Maine, 33, cases relied on by the defendant, the point now made did not appear. Those were cases of facts agreed to by the parties for the purpose of presenting certain questions of law to the court.

It does not strike us, as contended by counsel, that there would be any dilemma in the possible chance, if this doctrine be established, that a collector might be prosecuting a suit and the defendant be, at the same time, prosecuting a petition, the one to collect, and the other to abate the same tax. It would be like any suit on a judgment, where there can be no defense

against the suit until the judgment be somehow annulled or reversed.

Other points of alleged illegality in the proceedings are relied upon by the defense, where the principle of estoppel cannot apply, and the most important one is that the recorded list of assessments is not signed by the assessors. How much force the objection would possess if it were sought to produce the forfeiture of an entire estate for the non-payment of an ordinary tax upon it, would be another question. As was said in *Cressey* v. *Parks*, 76 Maine, 534, where a marked distinction is made between collecting taxes by suit and proceedings to create a forfeiture : "To prevent forfeitures strict constructions are not unreasonable. But, where forfeitures are not involved, proceedings for the collection of taxes should be construed practically and liberally."

The papers committed to the collector are complete in themselves, and are original papers. The law requires the assessors to make a record of their assessment more for the general convenience than for the establishment of any individual right. It is for the perpetuation of proof more than all else. From these recorded proofs the assessors can furnish a new commitment to the collector, if his be lost or destroyed. § 124, c. 6, R. S. The records are useful as a test in case the collector's list need be confirmed in any way, and are necessary to make settlements by with the collector. The absence of a perfected record cannot excuse the defendant's resistance against paying his taxes which are clearly and regularly inscribed upon official papers possessed by the collector. The necessary proof, if not upon record, is in the hands of the collector. *Norridgewock* v. *Walker*, 71 Maine, 181.

The defense, however, goes to the extent of assailing the regularity of the warrant in the collector's hands, because it contains a demand to collect interest on the assessments after a prescribed date. There has been no attempt to enforce this admittedly unauthorized mandate in the warrant, and it is independent of and separable from all other parts of the instrument which contains it. Not fusing with the other requirements of

the warrant, it does not corrupt them. If it destroys the legality of the tax against the defendant, it must for the same reason destroy all the assessments on the list, and none are collectible. That cannot be.

It is a general rule that an illegal provision in a warrant, separable from its other provisions, will not vitiate the instrument, nor become material, unless the direction is acted upon. No objection can be raised thereto by the person against whom there is no attempt to enforce it. *Barnard* v. *Graves*, 13 Met. 85; *Walker* v. *Miner*, 32 Vt. 769; see, also, numerous cases cited in Cooley's Taxation, 426, in support of the principle approved by the author in his text.

Finally, it is submitted in behalf of the defense, that the case omits to show that the assessors made the certificate of the assessment of the state tax as required by R. S., c 6, § 122. This is a mere irregularity, if it be as much as that, which very little concerns the individual tax-payer, a neglect to obey for the time being a directory order of the law. This the law easily overlooks. The omission may be supplied by an amendment. The certificate may be added. Black. Tax. Tit. 397; Cool. Tax. 314, *et seq.* and cases.

*Exceptions overruled.*

DANFORTH, VIRGIN, EMERY, FOSTER and HASKELL, JJ., concurred.