72 113
107 421

## CLARENCE O. NEWKIRK v. HENRY FISHER.

*Taxes—Return of land by treasurer essential to a valid sale—
Absence of supervisor's certificate from assessment roll,
from which leaves appear to have been removed—
In absence of proof, no presumption arises
that the roll or absent leaves ever con-
tained certificate.*

1. A return of land by the town treasurer is essential to a valid sale of said land for taxes.
2. Where on the introduction of an assessment roll from which certain leaves appeared to have been removed, the supervisors certificate was found to be wanting, and no proof was made that the roll or the absent leaves ever contained it, no presumption arises of such fact.

72 MICH—8.

Error to Wayne.     (Look, J.)     Argued June 22, 1888. Decided October 26, 1888.

Ejectment.     Plaintiff brings error.     Affirmed.     The facts are stated in the opinion.

*Fraser & Gates,* for appellant.

*Hamilton Balus (Moore & Moore,* of counsel), for defendant.

SHERWOOD, C. J.   The plaintiff brings ejectment to recover possession of the S. ½ of the W. ½ of the N. W. fractional ¼ of section 5, in township 3 S., of range 9 E. The plea was the general issue.   The cause was tried in the Wayne circuit court, before Judge Look, with a jury. At the close of the testimony the circuit judge directed the verdict against the plaintiff, who brings error.

The plaintiff claimed title from the government, also under a tax deed executed October 20, 1884, for the taxes of 1859 and 1872.

The defendant was in possession when the suit was commenced, and claimed title under two tax deeds, both executed the 28th day of January, 1869, one for the taxes of 1865 and the other for the taxes of 1866.   Defendant also claimed continuous, adverse possession from before the date of the tax deeds.   He claims that his title has become perfect under his tax deeds by adverse possession, and that the plaintiff's deed for taxes of 1859 and 1872 is void.   It is the contention of the defendant that the possession he and his grantors have held of the premises since 1869 has been peaceable and adverse, and that they have occupied in good faith, believing their title to be good, and that these facts appear by undisputed testimony, and the court so held upon the trial.

We think in this ruling the circuit judge was correct;

but this did not defeat the claim made by the plaintiff. This suit was commenced March 17, 1887, and plaintiff obtained his tax deed on October 20, under sale made on the fifth day of May, 1884, and if this conveyance was good to convey to the plaintiff the title to the property the adverse posession would be of no avail.

The defendant attacks the validity of this deed, on the ground, as he claims, of fatal defects in levying the taxes for which the land was sold, and upon which sale the deed was given by the Auditor General. It appears the property was not returned for the year 1859, and any sale for the taxes of that year would be void. The assessment roll for 1872 was introduced in evidence, but it contained no certificate of the supervisor. It was claimed upon the trial that the roll had been cut and mutilated, and some of the leaves had been taken out, but there was no proof that the roll ever contained such certificate, or that the absent portions contained it. Such being the fact, and what was claimed to be the roll having been introduced in evidence, no presumption arises that the roll ever contained such certificate. This certificate was material, and the absence of it rendered the sale for that year void.

The plaintiff having failed to establish the validity of his tax title, he could only rely upon the original title to sustain his claim, but, as we have seen, the defendant had held possession adversely for more than 15 years as against that. Upon the undisputed facts as they appear upon this record the plaintiff failed to establish his title.

The judgment at the circuit must be affirmed.

The other Justices concurred.