(77 N. W. Rep. 281.)

---

ELIOT MELDAHL *vs.* J. JEFF. DOBBIN AND MARTHA DOBBIN.

Opinion filed November 12, 1898.

**Unrecorded Deed—Title Acquired.**

An unrecorded deed, the grantor holding the full legal title, is
sufficient to pass the full title to the grantee as between the parties,
subject to be defeated only by a subsequent conveyance by the grantor
in such unrecorded deed to one who takes in ignorance of the fact
that such deed had been given; and where the grantee in such un-
recorded deed conveys to a third party with full covenants, and such
deed is recorded, and subsequently the grantor in the unrecorded deed
conveys the same property by quitclaim to such third party, which

deed is also recorded, such party holds the full legal and record title to the property.

### Tax Deed—Record—Effect.

A tax deed valid on its face, and which has been of record for more than the full time limited by law in which to bring an action to set aside or avoid such tax deed, is effective to cut off all interest under a prior tax deed on the same property.

Appeal from District Court, Barnes County; *Glaspell, J.*

Action by Eliot Meldahl against J. Jeff. Dobbin and Martha Dobbin. Judgment for defendants, and plaintiff appeals.

Affirmed.

*Herbert Root,* for appellant.

*Winterer & Winterer,* for respondents.

BARTHOLOMEW, C. J. This action was brought to recover damages on a covenant of seisin contained in a deed executed by defendants to plaintiff purporting to convey lot 4, in block 30, original plat of the City of Valley City, in Barnes county. The case was tried to the Court, and the defendants prevailed, and plaintiff brings the case here for trial de nove. We note, first, that plaintiff is in quiet and peaceable possession of the property, and has been at all times since he received his deed from defendants. No paramount or adverse title has been asserted by any one or in any manner. But it is urged that defendants were not seised of the premises when they executed the deed to the same, or at any time prior to the commencement of this action. The land was a part of the grant by Congress to the Northern Pacific Railroad Company. Subsequently the railroad platted the sectional subdivision whereon the lot is situated as a part of the original plat of said City of Valley City, and the record chain of title, barring certain tax deeds that will be mentioned hereafter, is continuous from the railroad company through various transfers to one Shannon. The next deed appearing of record is a warranty deed from one Solomon to the defendant J. Jeff. Dobbin. The deed from Shannon to Solomon is missing. But there is evidence strongly tending to show that Shannon did in fact execute and deliver to Solomon a deed for said premises, and the same was forwarded by Solomon by mail to the register of deeds of Barnes County for record. It would seem that the deed was never received. It was, of course, effectual, as between the parties, to pass the full title, subject to be defeated only by a subsequent deed from Shannon to some party who received the same in ignorance of the execution of the deed from Shannon to Solomon. When the defect in the record title was discovered, efforts were made to correct the same. But Shannon had changed his place of residence, and could not be found. At the request of Solomon, Shannon's grantor, one Barring-Gould, quit-claimed to Solomon. But of course that did not cure the defect. In the meantime Solomon died. Subsequently Shannon was found in Pennsylvania, and by deed dated October 1, 1897, quit-claimed to de-

fendant J. Jeff. Dobbin. It is claimed that this deed conveyed nothing, as the evidence shows that Shannon had previously conveyed the property by warranty deed to Solomon. This is true, but the title thus conveyed to Solomon had already vested in Dobbin, thus giving him the full legal title, and the quit-claim deed from Shannon to Dobbin placed the record title in Dobbin, and thus made this legal title impregnable unless affected by the tax deeds, which we now proceed to consider.

The treasurer of Barnes County sold the lot in question for the delinquent taxes of 1881, and issued the usual certificate of sale. In 1884 a tax deed was issued upon this certificate to one Warner. So far as the record shows, Warner has never conveyed whatever interest he received under such deed. The property was again sold by the treasurer of Barnes County, and also by the treasurer of the City of Valley City, for the delinquent taxes of 1886, and certificates of sale duly issued. In October, 1889, the proper officers executed tax deeds, based upon such certificates, to one Forgy. On January 20, 1892,—the date of the deed from Solomon to Dobbin,— Forgy quit-claimed his interest under said tax deeds to J. Jeff. Dobbin. As the Forgy tax deeds were subsequent to the Warner tax deed, if either of the Forgy deeds is allowed to stand all interest under the Warner deed is cut off. Of course, the members of this Court know, as nearly every taxpayer in the state knows, that all taxes levided prior to 1886 upon lands included within the grant to the Northern Pacific Railroad Company were void because the United States had a lien upon such lands for the survey fees. See *Northern Pac. R. Co.* v. *Traill Co.,* 115 U. S. Rep. 600, 6 Sup. Ct. 201. Hence nothing passed under the Warner tax deed. But we do not base our decision upon that ground. The appellant urges that the Forgy deeds were ineffectual to cut off the Warner deed by reason of their invalidity, and evidence was introduced, subject to respondents' objection, to show such invalidity. We think this evidence ought not to be considered. The statute in force during all these transactions (section 1640, Comp. Laws) declares: "No action shall be commenced by the former owner or owners of land or by any person claiming under him or them, to recover possession of land which has been sold and conveyed by deed for nonpayment of taxes or to avoid such deed, unless such action shall be commenced within three years after the recording of such deed." The Forgy tax deed from the county was recorded January 20, 1890. The deed to appellant was dated March 2, 1894. It was then too late to avoid the tax deed. Hence the interest under the Warner deed had ceased to exist unless the Forgy deed was void on its face. We do not think it was. The tax-sale certificate was issued to the New England Investment Company. This is recited in the deed, but it is also alleged that Forgy was the legal owner of such certificate; that it was duly assigned to him by E. L. Emery, secretary. We think these allegations, taken together, must be held to mean that the certificate was assigned by the New England

Investment Company by its secretary. True, the authority of the secretary to make such assignment does not affirmatively appear, but that is not necessary. Spell. Priv. Corp. § § 193, 194; Thomp. Corp. § 4696. .It follows that the respondents were well seised of said lot when they conveyed the same to appellant, and the covenant of seisin in their deed has never been even technically broken. The judgment of the District Court is the judgment of this Court, and must stand affirmed. All concur.