(87 N. W. Rep. 8.)

---

## James B. Eaton *vs.* Cassius C. Bennett.

Opinion filed May 14, 1901.

### Taxation—Authentication of Assessment Roll.

Statutary actions to quiet title. Construing § § 1551, 1638-1640, Comp. Laws 1887. Section 1551 required an assessor to attach to his return or assessment roll an affidavit of authentication in the form prescribed by said section. *Held*, that said requirement is vital to the taxes based on the assessment, and that the same is mandatory. and one intended solely for the benefit of the taxpayer, and to safeguard his interests alone.

### Jurisdiction of Taxing Officers.

*Held*, further, that the entire omission to annex any affidavit to the return is fatal to the jurisdiction of the taxing officers, and no valid tax can be extended against property so attempted to be assessed.

### Deeds Regular on Their Face—Voidable.

In this case the assessor for Emmons county did not annex any affidavit to his assessment roll in the year 1888. *Held* that the taxes attempted to be charged against the lands involved in that year were wholly void, and that no valid tax could be extended against said lands based on such pretended assessment. *Held*, further, that

the tax deeds set out in the answers as defendant's source of title, and which are issued in pursuance of attempted tax sales for the tax of 1888, are voidable deeds, though regular on their face. Farrington v. Investment Co., 45 N. W. Rep. 191, 1 N. D. 102, distinguished.

### Limitation Statute Does Not Run.

Said tax deeds were recorded more than three years prior to the commencement of the above-entitled actions. *Held* that the recording of said deeds did not operate to start running the special statute of limitations found in section 1640, Comp. Laws, and hence these actions are not barred under said section of the statute.

### Tender of Void Tax Unnecessary.

*Held,* the pretended taxes of 1888, being wholly illegal and void, are not such taxes as a suitor is compelled by § 1640 to pay as a condition of relief in an action where he is seeking to avoid a tax deed. Rule announced in O'Neil v. Tyler, 53 N. W. Rep. 434. 3 N. D. 47, adhered to and affirmed. See opinion, page 439, 53 N. W. Rep., and page 63, 3 N. D.

Appeal from District Court, Emmons County; *Winchester,* J.

Actions by James B. Eaton against Cassius C. Bennett. Judgments for defendant, and plaintiff appeals.

Reversed.

*James B. Eaton* and *Robert A. Eaton,* for appellant.

*H. A. Armstrong,* for respondent.

WALLIN, C. J. The actions above entitled are between the same parties, and both are statutory actions, brought to quiet title to real estate situated in the county of Emmons. There are two tax deeds involved, each describing a quarter section of land. Both were issued on the same day and are similar in form and in their effect. The pleadings in the actions are identical in language, except as to the land described. By stipulation the cases were consolidated for all purposes of trial, and in this court the two cases are presented by a single statement of the case. Both cases will therefore be disposed of in this opinion. For convenience of reference, the two cases will be treated as one. The complaint alleges that plaintiff is the holder and owner of a first mortgage on the land described in the complaint, and prays that a certain tax deed referred to in the complaint may be cancelled as an adverse claim. The answer annexes the tax deed, and alleges that the same is a valid deed, and that this action is barred by the statute, for the reason that said deed had been recorded more than three years prior to the commencement of this action. The answer further states that the defendant is the owner of the land, and in the occupancy thereof. The answer also embraces a prayer to the effect that plaintiff's lien be cancelled as a cloud on defendant's title. The judgment entered below sustained the validity of the deed, and canceled the plaintiff's mortgage as a cloud on the title of the defendant. The record includes all the evidence, and a trial anew in this court, is demanded. It is conceded that the decision in this court

must turn entirely upon the question of the validity of the tax deed. The deed bears date February 28, 1893, and was recorded more than three years prior to the commencement of the action. It was issued by the county treasurer pursuant to a tax sale made in 1889 for the taxes of 1888, and the same is in the form prescribed by § 1639 of the Comp. Laws of 1887. The recitals in the deed need not be set out at length, except that the same recites "that said lands were legally liable for taxation, and had been duly assessed, and properly charged on the tax book or duplicate for the year 1888, and that said lands had been legally advertised for sale for taxes, and were sold on the 15th day of November, 1889." Under the terms of § § 1638 and 1639, Comp. Laws, said deed conveyed a fee simple title to the grantee, and the same was made "conclusive evidence of all the facts therein recited, and *prima facie* evidence of the regularity of all the proceedings from the valuation of the land by the assessor up to the execution of the deed." The evidence shows that numerous irregularities occurred in the attempt to lay the tax in question, but we deem it unnecessary to refer to any of these except one, which, in our opinion, is fundamental, and decisive of the case. The evidence shows a total failure on the part of the assessor to verify the assessment roll, and no assessor's oath whatever was attached to the roll, as required by § 1551 of the Comp. Laws, or otherwise. This section of the statute is mandatory in its terms, and was obviously designed to safeguard the interests of the taxpayer. This is its sole design and purpose. It has no bearing whatever upon the matter of expediting or facilitating the dispatch of public business. Under the law the taxpayer is entitled to have his own property and all other property in his taxing district officially valued by an assessor, who acts under the sanction of an oath; and the legislature has carefully framed a form of oath which the assessors are required to attach to their work when the same is completed and returned. There are many cases holding that the omission to annex to the roll the prescribed affidavit and certificate is a fatal omission which goes to the groundwork of the tax, and hence one which defeats the jurisdiction to lay the tax; and cases are not wanting which hold that where the assessor, in annexing the affidavit to the roll, has omitted therefrom some material averment prescribed by sovereign authority, such omission is fatal to the tax. Mandatory provisions—and those intended solely for the benefit of the taxpayer are mandatory—must be substantially complied with by the officials who attempt to impose the tax burden upon the citizen; and the omission to do so, under the decided weight of authority, is fatal to all proceedings based upon such attempted taxation, including tax certificates and deeds issued thereon pursuant to a sale for such pretended taxes. Nor will the statute of limitations begin to run in favor of a tax deed based upon such attempted taxation. The rule that mandatory provisions of the statute must be substantially observed by taxing officers, and that the disregard or violation of such provisions is fatal to the tax, and defeats the jurisdiction of the taxing officers, is well settled in this state, and has

become, therefore, practically a rule of property, and hence a rule which this court is bound to uphold until the same has been modified by constitutional legislation. The authorities cited will fully sustain the following propositions: First, that a valid assessment evidenced by an official return is essential to a valid tax, and that fatal defects in the record of an assessment cannot be aided by evidence aliunde; second, a tax deed based on a void assessment is itself void, and does not operate to start running the statute of limitations; third, where the statutes require an assessor to authenticate his assessment roll by annexing thereto an affidavit in a prescribed form, it will be fatal to omit such affidavit of authentication. See *Newkirk v. Fisher*, 72 Mich. 113, 40 N. W. 189; *Railway Co. v. Pierce*, 47 Mich. 283, 11 N. W. 157; *City of Grand Rapids v. Blakely*, 40 Mich. 367, 29 Am. Rep. 539; *Warren v. City of Grand Haven*, 30 Mich. 24; *Morrill v. Taylor*, 6 Neb. 236; *Lyman v. Anderson*, 9 Neb. 367, 2 N. W. 732; *Bellinger v. Gray*, 51 N. Y. 610; *People v. Suffern*, 68 N. Y. 321; *Merritt v. Village of Portchester*, 71 N. Y. 309, 27 Am. Rep. 47; *Brevoort v. City of Brooklyn*, 89 N. Y. 128; *Philleo v. Hiles*, 42 Wis. 527; *Marsh v. Supervisors*, Id. 502; *Tierney v. Lumbering Co.*, 47 Wis. 248, 2 N. W. 289; *Plumer v. Board*, 46 Wis. 163, 50 N. W. 416; *Scheiber v. Kaehler*, 49 Wis. 292, 5 N. W. 817; *Lufkin v. City of Galveston*, 73 Tex. 340, 11 S. W. 340; *Martin v. Barbour*, 140 U. S. 634, 11 Sup. Ct. 944, 35 L. Ed. 546; *Marx v. Hanthorn*, 148 U. S. 172, 13 Sup. Ct. 508, 37 L. Ed. 410; *Abbott v. Lindenbower*, 42 Mo. 163; Id., 46 Mo. 291; *Martin v. Cole*, 38 Ia. 141; *Magruder v. Esmay*, 35 Ohio St. 221; *Farrington v. Investment Co.*, 1 N. D. 103, 45 N. W. 191; *Power v. Larabee*, 2 N. D. 141, 49 N. W. 724; *Power v. Bowdle*, 3 N. D. 107, 54 N. W. 404; *Hegar v. De Groat*, 3 N. D. 355, 56 N. W. Rep. 150; *O'Neil v. Tyler*, 3 N. D. 47, 53 N. W. Rep. 434; *Meldahl v. Dobbin*, 8 N. D. 115, 77 N. W. Rep. 280; *Roberts v. Bank*, 8 N. D. 504, 79 N. W. Rep. 1049; *Sweigle v. Gates*, 9 N. D. 538, 84 N. W. Rep. 481. See, also, the following cases, decided at the present term: *Douglas v. Richards*, 87 N. W. Rep. 600; *Sheets v. Paine*, 10 N. D. 103, 86 N. W. Rep. 117, and *Dever v. Cornwell*, 10 N. D. 123. We are not unaware of the fact that some of the decisions above cited have been modified by the courts which made them. *Fifield v. Marinette Co.*, 62 Wis. 532, 22 N. W. Rep. 705, is an illustrative example. In that case, while adhering to the rule that a void assessment will defeat a tax deed, the court holds that a tax deed will not be set aside until the plaintiff first pleads, and then proves that the tax based upon such void assessment is unjust and unequal. This view seems to beg the question. Where the assessor has valued all the property in his district in a reckless disregard of the law, and has not pretended to act under the sanction of the oath required by law, we are unable to see that his action thus taken, and what is confessedly illegal, nevertheless results in a tax which is *prima facie* just and equal. Nor do we think that a court acting upon sworn testimony, as it must do, is in a position to determine whether a tax

assessed against a given tract of land is just and equal. The mere fact that the tax of A. is not greater than that of B. and C., who are the neighbors of A., proves nothing in the absence of a legal official assessment of all the land in the taxing district. See *O'Neil* v. *Tyler*, 3 N. D. 47, 53 N. W. Rep. 434. In this state the precise point here being discussed has been ruled upon. In *Power* v. *Larabee*, supra, the court held that an alleged tax not lawfully assessed need not be paid or tendered by the plaintiff as a condition to granting relief by a court of equity. In the opinion (page 151, 2 N. D., page 727, 49 N. W. Rep.) the following language was used: "It is, in a broad sense, a moral obligation resting upon every taxpayer to pay a fair and equal tax upon his property. Such obligation, however, does not become legal and enforceable in the courts unless the tax is substantially a legal one,"—citing *Barber* v. *Evans*, 27 Minn. 92, 6 N. W. Rep. 445. It is true that a majority of this court held in *Farrington* v. *Investment Co.*, supra, that a court of equity will not enjoin the enforcement of a tax on the ground that the assessment was irregular or void, in this: that the assessor's oath was not attached to the roll. The reasons for so holding are set forth in the opinion, and were satisfactory to a majority of the court as it was then constituted. But that case will show that the rule there laid down has no application to a controversy such as this, in which public rights are not involved, and where private rights are alone at stake. In the opinion the following language was used at page 119, 1 N. D., page 197, 45 N. W. Rep.: "In possessory actions between the holder of the tax title and the patent title, where the interests of private parties alone are involved, and where the rule of caveat emptor applies in all its strictness, courts of law are scrupulously careful that no man be deprived of his property through tax proceedings that are not in all respects in substantial compliance with the statutory requirements." The late Chief Justice Bartholomew, who formulated the opinion in the Farrington case, also wrote the opinion in *Roberts* v. *Bank*, and concurred in that of *Sweigle* v. *Gates*, supra. In both of the cases last cited tax deeds were canceled and held for naught upon the ground of illegal assessments, and this after the statute had run against the actions. Respondent's counsel cites *Meldahl* v. *Dobbin*, 8 N. D. 115, 77 N. W. Rep. 280, and also *Hegar* v. *De Groat*, 3 N. D. 354, 56 N. W. Rep. 150, and argues that said cases hold or imply that a tax deed regular on its face will start the statute running even if the tax on which the deed issued was void. In the Hegar case the court was dealing with a tax deed confessedly void on its face, and it was there held that such a deed did not operate to start the statute. But in that case the court cited a line of decisions to the effect that a deed issued on a sale for a void tax would be equally impotent. See opinion, page 364, 3 N. D., page 154, 56 N. W. Rep. In the other cases cited by counsel some unguarded language was used, but the writer of that opinion never intended to say that a void tax would uphold a tax deed. See *Roberts* v. *Bank*, supra. Our conclusion is that the judgment of the court below is erroneous, and the same will therefore be reversed. The

court below will be directed to reverse the judgment in both cases, and enter judgment vacating the tax deeds set out in the answers in each case respectively. The appellant will recover his costs and disbursements in both courts. All the judges concurring.