WARFIELD-PRATT-HOWELL COMPANY v. AVERILL GROCERY COMPANY, Appellant.

Action to Recover Taxes: INVALIDITY OF: ASSESSMENT: OATH OF ASSESSOR. Code, section 1365 prescribing the form of oath which the assessors shall attach to the assessment roll, is mandatory, and a failure to make and attach the oath invalidates the assessment.

*Appeal from Linn District Court.*—HON. H. M. REMLEY, Judge.

WEDNESDAY, JANUARY 21, 1903.

SUIT for the recovery of taxes paid on a stock of goods. The defendant appeals from judgment against it.— *Reversed.*

*L. P. Main* for appellant.

*Deacon & Good* for appellee.

LADD, J.—The defendant was owner of a stock of goods in Cedar Rapids January 1, 1899, and up to June 1st of that year, when it delivered possession thereof to the Letts-Fletcher Company, of Marshalltown, in pursuance of

an agreement entered into May 2d, previous.   The latter
company sold and delivered the stock remaining on hand
(about two-thirds of that bought by it) to the plaintiff
June 20th.   The property was thus entered on the assess-
ment book: "Averill Grocery Co. Mds., $14,000; horses,
$400; vehicles, $100; money, notes, and mortgages, $1,000,"
—in the latter part of June or first of July.   No oath was
taken by the assessor to the assessment roll, nor any cer-
tificate thereof attached to it.   In October and December
the proper officers of the county and city levied the an-
nual taxes, and upon being advised by the treasurers of
these municipalities that unless the taxes were paid be-
fore June 25, 1900, collection would be enforced by dis-
tress and sale, the plaintiff paid the entire amount, and
in this action seeks to recover the same from defendant.

Several defenses are pleaded.   One of them disposes
of the case.   Section 1365 of the Code reads: "Completion
of Assessment.   The assessment shall be completed by the
first day of April, and the assessor shall attach to the as-
sessment rolls his oath in the following form:  'I (A——
B——), assessor of —— and state of Iowa, do solemnly
swear or affirm that the actual and taxable values of all
property, money and credits, of which a statement has
been made and verified by the oath of the person required
to list the same, is herein truly set forth in such statement;
that in every case, where I have been required to ascer-
tain the amount or value of any property, I have diligently,
and by the best means in my power, endeavored to ascer-
tain the true amount and value, and as I verily believe the
actual and taxable values are set forth in the annexed re-
turn; in no case have I knowingly omitted to demand of
any person, of whom I was required to do so, a statement
of items of his property which he was required by law to
list, nor to administer the oath to him, unless he refused
to take it, nor in any way connived at any violation or
evasion of any of the requirements of the law in relation

to the assessment of property for taxation.    Subscribed
and sworn (or affirmed) to this——day of ——, A. D. ——,
before me, ———.' "

.    This statute is mandatory in form, and there is no
reason to think the legislature did not intend it as such.
The purpose in requiring the oath is to secure a just valu-
ation of the property to be taxed, and it is therefore for
the protection of the taxpayer.    Every citizen should con-
tri ute his equal share toward the public revenues.    That
share is measured by the ratio which the amount of his
taxable property bears to all the other property subject to
taxation in the community.    All taxation is uniform.
Hence every tax payer is interested in having every other
taxpayer pay his proper share of the taxes.    Still greater
is his interest in having his own fairly valued.    "Every
requisite of a statute having the semblance of benefit to
the owner must be strictly complied with."    *McGahen v.
Carr*, 6 Iowa, 330.    Under the law, every taxpayer is en-
titled to have his property and that of others in the taxing
district valued under the sanction of the oath as prescribed.
The statute, being mandatory, as all statutes for the ben-
efit of the taxpayer are, must be substantially complied
with.    In numerous decisions the omission to verify the
assessment by the oath, certificate, or signature, when
expressly exacted by the legislature, has been held to in-
validate the roll.    *Scheiber v. Kaehler*, 49 Wis. 301; *Mc-
Clure v. Warner*, 16 Neb. 447 (20 N. W. Rep. 387); *Newkirk
v. Fisher*, 72 Mich. 113 (40 N. W. Rep. 189); *Westfall v.
Preston*, 49 N. Y. 449; *Kelley v. Craig*, 27 N.C.129; *Shat-
tuck v. Bascom*, 105 N.Y. 39 (12 N. E. Rep. 283); *Alger v.
Curry*, 38 Vt. 382; *State v. Schooley*, 84 Mo. 451; *Painter v.
Hall*, 75 Ind. 208; *Eaton v. Bennett* (N. D.) 87 N. W. Rep.
188; 25 Am. & Eng. Enc. Law (1st Ed.) 231; 1 Desty, Taxa-
tion 585.

Of course, mere informalities, not involving a depart-
ure from the statutory requirement, will not defeat the

tax. *Snell v. City of Ft. Dodge*, 45 Iowa, 564; *McClure v. Warner, supra*; *Parish v. Golden*, 35 N. Y. 462; *Twinting v. Finlay* 55 Neb. 152 (75 N. W. Rep. 548). In the last case the evidence showed the oath not to be attached to the assessment roll, and this was held a mere irregularity, as it was presumed, in fact, to have been taken. *Burlington Gaslight Co. v. City of Burlington*, 101 Iowa, 458, related to a different section of the statute, and, moreover, merely held that part of the statute fixing the time of delivery of the assessment book to be directory. Directions not of the essence of the thing to be done, but having in view only its orderly and prompt performance, are usually so construed. *Munn v. School Tp. of Soap Creek*, 110 Iowa, 652. This section has no bearing whatever upon facilitating or expediting public business.

Appellee cites and seems to rely on authorities to the effect that equity will not lend its aid to defeat the collection of a tax unless it appears to be unequal and unjust, and an offer is made to pay such a sum as, in justice and equity, the complainant ought to pay. *Fifield v. Marinette Co.* 62 Wis. 532 (22 N. W. Rep. 705); *Hixon v. Oneida Co.* 82 Wis. 515 (52 N. W. Rep. 445); *Farrington v. Investment Co.* 1 N. D. 102 (45 N. W. Rep. 191); *Wood v. Helmer*, 10 Neb. 65 (4 N. W. Rep. 968); *Twinting v. Finlay* 55 Neb. 152 (75 N. W. Rep. 548). See *Conway v. Younkin*, 28 Iowa, 295; *Litchfield v. Hamilton Co.*, 40 Iowa, 66. But in these cases the distinction between an action in equity to restrain or prevent the enforcement of an alleged tax lien, and a suit at law directly involving the validity of the assessment, is clearly pointed out. The fact that the two lines of decisions run through the reports of several states, both unquestioned, indicates the want of any conflict. In the one, equity refuses to interfere unless, in good conscience, the suitor shows himself entitled to relief, while in the other, at law, relief is awarded because of the absence of a valid assessment upon which to base recovery. Even

this distinction was declared unsound by the supreme court of North Dakota in *Eaton v. Bennett*, 87 N. W. Rep. 188 over-ruling *Farrington v. Investment Co.*, *supra*, on the ground that nothing can be said to be justly due in the absence of a valid assessment.

Our statute is specific. The oath of the assessor, carefully framed by the legislature, is exacted as a means not only to secure faithful performance of duty to the public, but to safeguard the interests of the taxpayer in the fair and just assessment of his property. We deem it essential to a valid assessment. There is some conflict in the authorities, but the great weight is in accord with our conclusion. See, *contra*, *Moore v. Turner*, 43 Ark. 243; *Chesnut v. Elliott* 61 Miss. 569; *Odiorne v. Rand*, 59 N. H. 504; *Howell v. Metz*, 31 N. J. Law, 365; *City of Bath v. Whitmore* 79 Me. 182 (9 Atl. Rep. 119). In view of our statue authorizing the assessment of omitted property by the county treasurer, the argument *ab inconvenienti*, on which these decisions seem mainly to rest, is largely obviated.

The assessment being invalid, it necessarily follows that no recovery should have been allowed for the taxes paid.—REVERSED.