NANCY REED AND MARY M. REED v. THE CITY OF CEDAR RAPIDS ET AL., Appellants.

**Taxation:** LISTING AND VALUATION BY ASSISTANT ASSESSOR. A valid assessment is not dependent upon the fact that the assessor personally lists the property; it may be done by an assistant, and even where the assistant in the first instance fixes the value, if afterwards examined and adopted by the assessor it becomes his act, and the assessment is not thereby rendered invalid.

**Same:** ASSESSMENT ROLL. The original assessment sheets as made up by the assessor and submitted to the board of review is the assessment roll to which he is required to attach his oath; and these lists and not the books or lists thereafter to be made are the assessment roll to which the statute refers.

**Same.** VERIFICATION OF ASSESSMENT. The fact that the name of the assessor is signed to the oath attached to an assessment by his assistant, if done at his direction, does not invalidate the oath and assessment.

**Same:** OVER VALUATION: EQUITABLE RELIEF. A taxpayer who concedes that his property is subject to taxation but makes no offer to pay any part of the tax, cannot have relief in equity from the assessment made on a full valuation, since the assessment is merely erroneous and not void: his remedy is an application to the board of review to correct the error.

*Appeal from Linn District Court.*— HON. W. G. THOMPSON, Judge.

WEDNESDAY, MAY 6, 1908.

SUIT in equity to enjoin the collection of taxes assessed against the plaintiff's property. There was a judgment for the plaintiffs, from which the defendants appeal.— *Reversed.*

*James W. Good* and *H. E. Spangler,* for appellants.

*John A. Reed, Wm. E. Lamb,* and *Wm. G. Clark,* for appellees.

SHERWIN, J.— The taxes which the plaintiffs seek to avoid were levied for the years 1903, 1904, and 1905. They allege that an assessment was made for each of said years, but they further allege that the assessments were not made by the assessor of the city; that they were not sworn to or certified as required by law, and that the full cash value of the property assessed was returned as the taxable value; and that levies were made upon the full cash value, and not upon one-fourth of the cash value, as provided by section 1305 of the Code.

The evidence shows without conflict that some of the property returned for assessment in the years involved was listed and valued by an assistant, but it is also as certainly

1. TAXATION: listing and valuation by assistant assessor.

shown that the lists were carefully examined by the assessor in person, and that the values affixed to the several properties were either approved by him or changed to correspond with his own judgment. While it is true that the property owner is entitled to the judgment of the assessor as to the value of his property, it is also true that the statute does not require the assessor to personally list all property. Such work is clerical, and even where the assistant fixes the value in the first instance, the assessment is not invalid if the assessor afterward examines the valuation so made and adopts it as his act. *Snell v. City of Ft. Dodge,* 45 Iowa, 564; *Meservey v. Webster County,* 46 Iowa, 702; *Burnham v. Barber,* 70 Iowa, 87.

Section 1365 of the Code provides that the assessor shall attach to the assessment rolls his oath in the form therein provided. The lists which were originally made by

2. SAME: assessment roll.

the assessor and his assistants were sworn to by the assessor, and his oath was attached thereto as provided by the section named. And these lists were the rolls to which the statute refers. Section 1366 provides that such rolls shall be laid before the local board of review for correction, and that, when correction is made,

the assessor shall make up the assessor's books from such assessment rolls, and return a copy of the book with the assessment rolls to the county auditor. The two sections clearly designate the assessment rolls as the lists or rolls of taxable property and persons, completed, verified, and deposited by the assessors, and not the books or lists which shall thereafter be made up for other purposes. See, also, *Oswego County Sav. Bank v. Town of Genoa,* 59 N. Y. Supp. 829 (28 Misc. Rep. 71); *Adams v. Brennan,* 72 Miss. 894 (18 South. 482). The tax lists produced in court by the city treasurer were not the assessment rolls which must be verified under section 1365.

The evidence shows that the assessor made the required oath for each year, but that his name was in one or two instances written thereon by a clerk at his request. If his

3. SAME: verification of assessment. name was placed on the written oath by his direction, it was his signature as truly as if he had written it himself. *State v. Holmes,* 56 Iowa, 588, 25 Am. & Eng. Enc. Law (2 Ed.), 1066.

It is conceded that the assessments were all made on a full cash valuation instead of on a quarter valuation. But this does not entitle the plaintiff to relief in equity.

4. SAME: over valuation: equitable relief. They have made no offer to pay any tax, while conceding that their property was subject to taxation. Conceding for the purposes of this case that the assessment should have been made on a quarter valuation only, the assessment as made was erroneous merely, and not void, and the plaintiffs' remedy was by an application to the board of equalization for its correction. *Collins v. City of Keokuk,* 108 Iowa, 28; *Smith v. McQuiston,* 108 Iowa, 363; *Nugent v. Bates,* 51 Iowa, 77; *Morrison v. Hershire,* 32 Iowa, 271.

The judgment should be, and it is, *reversed.*