JACOB JOHNSON, Trustee, Appellant, v. J. W. MILLER, JR., Appellee.

No. 42069.

DECEMBER 12, 1933.

Floyd E. Page, for appellant.

D. M. Kelleher, and W. E. Kahler, for appellee.

STEVENS, J.—On December 1, 1924, the south one-half of the southwest quarter of section 27, township 83, range 39, was sold by the treasurer of Crawford county, Iowa, to appellee for taxes, and on or about the 23d day of December, 1927, a tax deed was issued to him. The taxes previously levied and which were a lien on the aforesaid real property were delinquent for the years 1921, 1922, and 1923. The land was listed each taxable year and placed upon the assessment roll by the township assessor.

Two principal propositions are made the basis for appellant's attack upon the validity of the tax deed. They are (a) irregularities in the assessment and noncompliance by the assessor

with the statutes relating to the assessment of property, and (b) defects in the affidavit attached to the notice of redemption.

Section 7121 of the Code requires the assessor to attach to the assessment rolls an oath in the form prescribed by such section. The affidavit of the assessor duly and properly filled out was attached to the assessment roll for 1921 duly signed by him, but it is not attested by the signature of an officer qualified to administer oaths. The same is true for the years 1922 and 1923. The assessment rolls for each of the years in question were presented to, examined, and approved by the local board of review. The assessor's book for each of said years was made up as required by section 7123 of the Code of 1931. Attached to the assessor's books for the years 1921 and 1923 was the usual certificate on behalf of the local board of review.

The real estate in question was, on the proper years for listing, included and correctly described in the documents required to be made out by the assessor. The books of the auditor's office also included the above described land showing the valuation in accordance with the listing on the assessment roll and the assessor's books.

The specific defect in the assessment of which appellant complains is the failure of the assessor to complete the oath of the completed assessment required by section 7121 of the Code. The duty of assessors to make and properly subscribe to the required oath has been held to be mandatory. Warfield-Pratt-Howell Co. v. Averill Gro. Co., 119 Iowa 75, 93 N. W. 80, 81; Reed v. City of Cedar Rapids, 138 Iowa 366, 116 N. W. 140. Speaking to this point, this court in Warfield-Pratt-Howell Co. v. Averill Gro. Co., supra, said:

"Our statute is specific. The oath of the assessor, carefully framed by the legislature, is exacted as a means not only to secure faithful performance of duty to the public, but to safeguard the interests of the taxpayer in the fair and just assessment of his property. We deem it essential to a valid assessment."

In addition to the facts already stated, it should be noted that the affidavit of assessment duly signed and sworn to by the owner of the property was attached to the assessment roll for each of the years in question. It thus appears that the real property was correctly described and listed on the assessment rolls; that the affidavit of the owner was attached thereto; that the assessment rolls

were presented to, passed upon, and approved by the local board of review and duly certified by the clerk of the board; and that same were entered upon the books of the county auditor's office. The only irregularity or omission shown was the failure of the assessor to attach the necessary oath of the completion of the assessment to the assessment rolls. The question is: Must the assessment be declared void because of this irregularity or omission on the part of the assessor? Allowing that section 7121 of the Code is mandatory and that the strictest compliance with all statutory requirements in the assessment of property should be observed by assessors, is it necessary for the court to hold that the assessment under the facts stated cannot be sustained?

As held in First Nat. Bank v. City of Council Bluffs, 182 Iowa 107, 161 N. W. 706, local boards of review have the power of assessment. The assessment rolls in question were examined and the assessments equalized by the local board of review. Every step in the proceeding necessary to protect the rights of the owner of the property and to enable the local board of review to equalize the assessment was taken. It is true that there was no appearance before the local board of review in the case before us by the owner of the property nor any hearing had upon complaint of the assessment as was true in the case cited. The absence of the oath of the assessor to the assessment roll is noted in the cited case, but the assessment was upheld. The distinction between the case at bar and the cited case is to be found in the emphasis given therein to the appearance and hearing before the board of review. There was no plea of waiver in that case. A circumstance of equal importance is present in the case before us, namely, the affidavit of the owner of the property to the listing of the property.

The question now before us was referred to in Fidelity Inv. Co. v. White, 208 Iowa 519, 223 N. W. 884, 225 N. W. 868, but ruling was reserved thereon. The essential facts of this case would seem to bring it within the pronouncement of this court in First Nat. Bank v. City of Council Bluffs, supra. As said above, a distinction rested entirely upon the proceeding before the board of equalization was sought to be drawn between the above cases and the prior holding that the absence of a properly attested oath of the assessor was fatal to the validity of the assessment. The intimation of the court in the Council Bluffs case is that what is there held is not necessarily to be deemed a departure from the rules established by prior

decisions. No appearance by the person to be assessed was made before the board of equalization in the present instance. Instead of filing objections to the assessment, he subscribed to the customary oath before the assessor at the time of the listing of property for taxation. He was evidently satisfied with the correctness of the assessment. The situation thus created would not seem to be different from what it would have been if the party to be assessed had voluntarily appeared before the board of equalization and listed his property omitted by the assessor with such board. In other words, full and complete acquiescence in an assessment submitted to and equalized by the board would seem to be quite tantamount, so far as legal effect is concerned, to an appearance and contest of the assessment before such board of equalization. Whatever may be the effect properly to be given to the facts stated, attention should be called to chapter 245, Laws of the Forty-fourth General Assembly which went into effect in the month of February, 1931, legalizing all assessments for prior years in which the assessors' rolls do not contain the statutory affidavit. The petition in this case was filed in March, 1930, but there is nothing in the enactment in any way, excepting from the operation thereof pending litigation. The validity or scope of the enactment is in no wise challenged by appellant, but see Windsor v. City of Des Moines, 110 Iowa 175, 81 N. W. 476, 80 Am. St. Rep. 280; Galusha v. Wendt, 114 Iowa 597, 87 N. W. 512.

II. The defect complained of in the return and affidavit of the person who served the notice of redemption is the failure of the maker to state that it was read to the parties named in the notice in their presence and hearing. The required notice of the expiration of the right of redemption must be served in the manner provided for the service of original notices. Section 7279, Code 1931. The service shall not, however, be deemed complete until an affidavit in compliance with the terms of section 7282 of the Code has been filed with the county treasurer. The statute does not in specific terms require the affidavit to show that the notice was read in the presence and hearing of the party to be served. It is difficult to conceive how it could be served, within the meaning of the statute, at all, out of the presence and beyond the hearing of the parties designated therein. For method of serving original notices, see section 11060, Code 1931. It is true that strict compliance with the statute relating to notice, manner, and form of service and the

essentials to be observed in the form and filing of the affidavit is required and, unless complied with, the statutory right of redemption will not be defeated. Lyman v. Walker, 192 Iowa 982, 185 N. W. 607; Fidelity Inv. Co. v. White, 208 Iowa 519, 223 N. W. 884, 225 N. W. 868; Geil v. Babb, 214 Iowa 263, 242 N. W. 34; Wood v. Yearous, 159 Iowa 211, 140 N. W. 362.

Numerous defects in the affidavit involved in the last cited case, which was not attached to the notice, are pointed out by the writer of the opinion. The notice there involved appears to have been served upon two persons at the same time, and emphasis is given to the failure of the affidavit to certify that the notice was read to them in their presence and hearing.

We are not now disposed to hold that an affidavit reciting that the notice of redemption was served upon the parties named by offering to read the same to each separately, which reading was waived and a true copy delivered thereto, or that the same was served by reading the notice followed by the delivery of a true copy thereof, is fatally defective, or that it fails to meet the mandatory requirements of law. The affidavit complied with the statute.

In view of the conclusion reached upon the foregoing propositions, we do not pass upon the question urged by appellee of appellant's right to maintain this action. On this question we express no opinion.—Affirmed.

All Justices concur.